ANASTASIA P. BODEN, No. 281911
Email: aboden@pacificlegal.org
JOSHUA P. THOMPSON, No. 250955
Email: jthompson@pacificlegal.org
Pacific Legal Foundation
930 G Street
Sacramento, California 95814
Telephone: (916) 419-7111
Facsimile: (916) 419-7747

*Attorneys for Plaintiff Creighton Meland, Jr.*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CREIGHTON MELAND, JR.,<br><br>Plaintiff,<br><br>v.<br><br>ALEX PADILLA, in his official capacity as Secretary of State of the State of California,<br><br>Defendant. | No.<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## INTRODUCTION

1. In 2020, all publicly traded companies incorporated or headquartered in California will be required to meet a quota of female board members or face fines. This "Woman Quota" (SB 826) applies to all businesses across every industry. It applies in perpetuity and irrespective of whether there is any evidence of discrimination in the relevant industry. The law is not only deeply patronizing to women, it is also plainly unconstitutional. As the Ninth Circuit has observed, "The notion that women need help in every business and profession is as pernicious and offensive as its converse, that women ought to be excluded from all enterprises because their place is in the home." *Associated General Contractors of California, Inc. v. City and County of San Francisco*, 813 F.2d 922, 941 (9th Cir. 1987).

///

Complaint                                    1

## JURISDICTION AND VENUE

2. The claim in this action arises under the Fourteenth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over this federal claim under 28 U.S.C. § 1331 (federal question) and § 1343(a) (redress for deprivation of civil rights). Declaratory relief is authorized by the Declaratory Judgment Act, 28 U.S.C. § 2201.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1)–(2), because this lawsuit concerns enforcement of a California law by the Secretary of State of California, an executive officer whose executive office is within this District. 28 U.S.C. § 103(3).

## PARTIES

4. Plaintiff Creighton Meland, Jr., is an individual citizen of the United States who lives in Hinsdale, Illinois, in DuPage County. He is a shareholder of OSI Systems, Inc. (OSI), a publicly-traded company that is incorporated in Delaware and headquartered in California.

5. Defendant Alex Padilla is the Secretary of State of the State of California. He is a constitutional officer of the State. *See* Cal. Const. art. V, § 11. In his official capacity as Secretary of State, he is charged with administering and enforcing SB 826. He is being sued in his official capacity pursuant to *Ex parte Young*, 209 U.S. 123, 189 (1908).

## FACTUAL ALLEGATIONS

**Senate Bill 826**

6. Governor Brown signed SB 826 into law on September 30, 2018. It adds Section 301.3 and Section 2115.5 to the California Corporations Code.

7. When Governor Brown signed SB 826 into law, he acknowledged that "[t]here have been numerous objections to this bill and serious legal concerns have been raised." He further recognized that these "potential flaws . . . may prove fatal to

Complaint
2

its ultimate implementation." Despite all of these concerns, he signed the law out of his desire to respond to "recent events in Washington D.C. and beyond."

8. Before SB 826 was enacted, the California State Assembly Judiciary Committee recognized that "SB 826 would likely be challenged on equal protection grounds and the means that the bill uses, which is essentially a quota, could be difficult to defend." The Assembly floor analysis included the same language.

9. Under SB 826, any "publicly held domestic or foreign corporation whose principal executive offices, according to the corporation's SEC 10-K form, are located in California" must have "a minimum of one female director on its board" by December 31, 2019. By December 31, 2021, a corporation must have a number of female directors corresponding to its size:

    a. A corporation with four or fewer directors must have a minimum of one female director.

    b. A corporation with five directors must have a minimum of two female directors.

    c. A corporation with six or more directors must have a minimum of three female directors.

10. A publicly held corporation is defined as a "corporation with outstanding shares listed on a major United States stock exchange."

11. By March 1, 2020, and annually thereafter, the Secretary must publish a report on the Office's website listing the number of corporations that 1) were in compliance with the Woman Quota during at least one point of the year; 2) moved their headquarters either to or from California during the year; or 3) stopped being publicly traded over the course of the year.

12. Publicly traded corporations that are incorporated or headquartered in California must file an annual statement with the Secretary which discloses whether the corporation complies with the Woman Quota.

Complaint

13. SB 826 required the Secretary to collect information and publish a report listing all of the California publicly traded corporations that have at least one female director by July 1, 2019.

14. The Secretary is authorized to impose fines for the violation of the Woman Quota.

15. A first violation of the Woman Quota results in a $100,000 fine. Any subsequent offense is $300,000. Each seat that must be filled by a woman but is not so filled constitutes a separate violation.

16. A corporation's failure to report or to timely report whether it complies with the quota will result in a $100,000 fine.

**OSI Systems**

17. OSI Systems, Inc., ("OSI"), is a publicly traded corporation that is headquartered in Hawthorne, California.

18. Prior to 2010, OSI was incorporated in California. However, in 2010 the company reincorporated in Delaware to "enhance shareholder control over our company's Bylaws."

19. OSI is listed on the Nasdaq Global Market, a United States stock exchange, under the symbol "OSIS."

20. Because OSI is a publicly traded company headquartered in California, it must comply with the Woman Quota or face fines.

21. OSI currently has an all-male board. Because of its size (7 members), OSI will be required to add a female member by the end of 2019 and two more female board members by the end of 2021 or face fines for failing to comply with the Woman Quota.

### PLAINTIFF'S INJURY

22. The Woman Quota is designed to compel the election of more females onto corporate boards of directors. In order to achieve its goal, the law must impact

Complaint

4

the behavior of shareholders like Mr. Meland, who are responsible for voting for the members of the board of directors at annual meetings.

23. The shareholders of OSI, including Mr. Meland, select who sits on the corporation's board of directors. While a Nominating and Governance Committee helps to vet and recommend board members, it is ultimately the shareholders of OSI that must vote on whether a particular individual is elected to the OSI board.

24. Individual shareholders or groups of shareholders may also submit names of candidates for election to the board of directors.

25. The only way that a person can be elected to OSI's board is if a plurality of shareholders vote in favor at the annual shareholder meeting.

26. The Woman Quota imposes a sex-based quota directly on shareholders, and seeks to force shareholders to perpetuate sex-based discrimination.

27. Mr. Meland intends to vote on board member nominees at the upcoming annual meeting in December of 2019, as well as at subsequent meetings.

28. The Woman Quota injures Plaintiff's right to vote for the candidate of his choice, free from the threat that the corporation will be fined if he votes without regard to sex.

29. The Woman Quota contains a sex-based classification that harms individual shareholder voting rights directly, separate from any injury to the corporation.

30. Because OSI does not currently have the requisite number of women on its board, the company will be fined unless the shareholders appoint at least one woman to the board by the end of 2019 and two more women by the end of 2021.

31. An actual and substantial controversy currently exists between Plaintiff and Defendant as to their respective legal rights and duties. Plaintiff contends that the Woman Quota is a sex-based classification that violates the Fourteenth

Amendment to the United States Constitution. Defendant disputes that the quota, or that enforcing the quota, is unconstitutional.

32. A judgment declaring the Woman Quota unconstitutional and enjoining Defendant from enforcing the law will restore Mr. Meland's ability to vote free of a government-imposed sex quota. That is, he would no longer have to worry that he might subject OSI to fines unless he considers sex when selecting a board member.

33. Mr. Meland will continue to suffer substantial and irreparable harm unless the discrimination enshrined in the challenged statute is declared unlawful and enjoined by this court.

## CLAIM FOR RELIEF
### Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. § 1983

34. Mr. Meland incorporates and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint.

35. Under the Fourteenth Amendment to the United States Constitution, "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

36. The Woman Quota discriminates on the basis of sex in violation of the Equal Protection Clause.

37. The Woman Quota facially discriminates on the basis of sex.

38. The Woman Quota serves no important government interest.

39. Sex-based balancing is not an important government interest that can sustain a sex-based classification under the Equal Protection Clause.

40. The Woman Quota relies on a variety of improper gender stereotypes, such as the belief that women board members bring a particular "working style" which will impact corporate governance. Reliance on stereotypes about the capabilities or worldviews of women is illegitimate and does not further an important government interest.

Complaint

6

41. Even if the Woman Quota served an important government interest, the mechanism that SB 826 uses—that is, a rigid and arbitrary quota—is not closely tailored to that interest.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment from this Court as follows:

1. A declaratory judgment, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, that the Woman Quota violates the Equal Protection Clause of the Fourteenth Amendment on its face because it discriminates on the basis of sex and denies individuals equal protection of the laws in violation of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §§ 1981 and 1983.

2. A permanent injunction preventing Defendant from enforcing or taking further action to enforce the Woman Quota insofar as it requires shareholders to either take sex into account when exercising shareholder voting rights or potentially subject a corporation to a fine, in violation of the Fourteenth Amendment to the United States Constitution and federal civil rights statutes 42 U.S.C. §§ 1981 and 1983.

3. An award to Plaintiff of reasonable attorneys' fees, costs, and expenses for bringing and maintaining this action pursuant to 42 U.S.C. § 1988 and Federal Rule of Civil Procedure 54(d).

4. An award to Plaintiff of any other and further relief that the Court deems just and proper under the circumstances of this case.

DATED: November 13, 2019.

Respectfully submitted,

ANASTASIA P. BODEN
JOSHUA P. THOMPSON

By: s/ Anastasia P. Boden
    ANASTASIA P. BODEN

*Attorneys for Plaintiff Creighton Meland*

Complaint

7