1  XAVIER BECERRA, State Bar No. 118517
   Attorney General of California
2  TAMAR PACHTER, State Bar No. 146083
   Supervising Deputy Attorney General
3  LARA HADDAD, State Bar No. 319630
   Deputy Attorney General
4    300 South Spring Street, Suite 1702
     Los Angeles, CA  90013
5    Telephone:  (213) 269-6250
     Fax:  (916) 731-2124
6    E-mail:  Lara.Haddad@doj.ca.gov
   *Attorneys for California Secretary of State*
7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10                     EASTERN DIVISION

11

12

| | |
|---|---|
| **CREIGHTON MELAND, JR.,** | Case No. 2:19-cv-2288-JAM-AC |
| Plaintiff, | **[Fed. R. Civ. P. 12(b)(1), 12(b)(6)]** |
| v. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CALIFORNIA SECRETARY OF STATE'S MOTION TO DISMISS** |
| **ALEX PADILLA, in his official capacity as Secretary of State of the State of California,** | |
| Defendant. | Date:        March 24, 2020<br>Time:        1:30 p.m.<br>Dept:        6<br>Judge:       The Honorable John A. Mendez<br>Trial Date:  None Set<br>Action Filed:  November 13, 2019 |

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................................ 1

BACKGROUND ................................................................................................................. 2

    I.      Senate Bill No. 826 ....................................................................................... 2

    II.     Allegations of the Complaint ......................................................................... 3

LEGAL STANDARD .......................................................................................................... 4

    I.      Federal Rule of Civil Procedure 12(b)(1) ..................................................... 4

    II.     Federal Rule of Civil Procedure 12(b)(6) ..................................................... 4

ARGUMENT ....................................................................................................................... 5

    I.      Plaintiff Lacks Standing to Challenge SB 826 .............................................. 5

          A.     SB 826 Does Not Harm Plaintiff's Shareholder Voting Rights ................ 6

          B.     Plaintiff Cannot Sue for Harm to OSI Systems ......................................... 8

          C.     Plaintiff Cannot Allege Any Injury In Fact, Even to OSI Systems .......... 10

    II.     Plaintiff's Claim is Not Ripe ....................................................................... 11

    III.    Plaintiff's Claim Is Moot ............................................................................ 12

CONCLUSION .................................................................................................................. 13

1

**TABLE OF AUTHORITIES**

2

**Page**

3

4

**CASES**

5
*American-Arab Anti-Discrimination Comm. v. Thornburgh*
    970 F.2d 501 (9th Cir. 1991)......................................................12

6
*Ashcroft v. Iqbal*
7
    556 U.S. 662 (2009) .........................................................5

8
*Baker v. Carr*
    369 U.S. 186 (1962) .........................................................5

9

10
*Balistreri v. Pacifica Police Dept.*
    901 F.2d 696 (9th Cir. 1990)......................................................4

11
*BJP, L.L.C. v. Kitsap County*
12
    No. 10-5678-RJB, 2011 WL 3298661 (W.D. Wash. 2011)........................................6

13
*Clapper v. Amnesty Intern. USA*
    133 S. Ct. 1138........................................................10

14

15
*Colwell v. Department of Health and Human Services*
    558 F.3d 1112 (9th Cir. 2009)......................................................11

16

17
*Cook Inlet Treaty Tribes v. Shalala*
    166 F.3d 986 (9th Cir. 1999)......................................................12

18
*Crusaders Productions, Inc. v. Henderson*
    No. 99-55442, 2000 WL 1523131 (9th Cir. 2000) ...................................6

19

20
*Direct List, LLC v. Kessler*
    No. 15-CV-2025-WQH, 2018 WL 3327802 (S.D. Cal. July 6, 2018) ......................8

21
*Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*
22
    No. 3:16-cv-00014-GPC, 2016 WL 6523428 (S.D. Cal. Nov. 3, 2016)........................10

23
*Erlich v. Glasner*
    418 F.2d 226 (9th Cir. 1969)......................................................8

24

25
*Foster v. Carson*
    347 F.3d 742 (9th Cir. 2003)......................................................12

26
*Franchise Tax Board of Calif. v. Alcan Aluminum LTD.*
27
    493 U.S. 331 (1990) ......................................................6, 8

28

ii

1

## <u>TABLE OF AUTHORITIES</u>
### (continued)

2

<u>Page</u>

3

*Friends of Wild Swan v. Vermillion*
    649 Fed. App'x. 475 (9th Cir. 2017).....................................................................................10

4

*George v. AZ Eagle TT Corp.*
    961 F. Supp. 2d 971 (D. Ariz. 2013)........................................................................................4

5

6

*Gregory v. Fresno County*
    No. 1:18-cv-00524-LJO, 2019 WL 2420548 (E.D. Cal. June 10, 2019)................................7, 8

7

8

*Hernandez v. Vallco Int'l. Shopping Ctr., LLC*
    No. 10-CV-02848-LHK, 2011 WL 890720 (N.D. Cal. March 14, 2011) ................................4

9

10

*Institute for Wildlife Protection v. U.S. Fish and Wildlife Service*
    No. 07-CV-358-PK, 2007 WL 4117978 (D. Or. Nov. 16, 2007) ............................................13

11

*Johnson v. Myers*
    No. CV-11-00092-JF, 2011 WL 4533198 (N.D. Cal. Sept. 30, 2011) ............................4, 8, 10

12

13

*Kokkonen v. Guardian Life Ins. Co. of Am.*
    511 U.S. 375 (1994) ..................................................................................................................4

14

15

*Lapidus v. Hecht*
    232 F.3d 679 (9th Cir. 2000).......................................................................................................6

16

17

*Lee v. City of Los Angeles*
    250 F.3d 668 (9th Cir. 2001) ......................................................................................................5

18

*Lewis v. Chiles*
    719 F.2d 1044 (9th Cir. 1983).....................................................................................................9

19

20

*Lujan v. Defenders of Wildlife*
    504 U.S. 555 (1992) ........................................................................................................5, 6, 10

21

*Mir v. Little Co. of Mary Hosp.*
    844 F.2d 646 (9th Cir. 1988).......................................................................................................5

22

23

*Mulhall v. Unite Here 355*
    618 F.3d 1279 (11th Cir. 2010)...................................................................................................8

24

25

*Nasoordeen v. F.D.I.C.*
    No. CV-08-05631-MMM, 2010 WL 1135888 (C.D. Cal. 2010)..............................................12

26

27

*Northstar Financial Advisors, Inc. v. Schwab Investments*
    779 F.3d 1036 (9th Cir. 2015)......................................................................................................6

28

# TABLE OF AUTHORITIES
### (continued)

Page

*Papilsky v. Berndt*
    466 F.2d 251 (2d Cir. 1972)...................................................................................10

*Richardson v. City & Cnty. Of Honolulu*
    124 F.3d 1150 (9th Cir. 1997)...............................................................................11

*RK Ventures, Inc. v. City of Seattle*
    307 F.3d 1045 (9th Cir. 2002).............................................................................7, 8

*Safe Air for Everyone v. Meyer*
    373 F.3d 1035 (9th Cir. 2004).................................................................................4

*San Diego County Gun Rights Committee v. Reno*
    98 F.3d 1121 (9th Cir. 1996).................................................................................12

*Savage v. Glendale Union High Sch.*
    343 F.3d 1036 (9th Cir. 2003).................................................................................4

*Sax v. World Wide Press, Inc.*
    809 F.2d 610 (9th Cir. 1987)...................................................................................8

*Scott v. Breeland*
    792 F.2d 925 (9th Cir. 1986)...................................................................................4

*Seven Words LLC v. Network Solutions*
    260 F.3d 1089 (9th Cir. 2001)...........................................................................12, 13

*Shell Petroleum, N.V. v. Graves*
    709 F.2d 593 (9th Cir. 1983)...................................................................................8

*Sierra Club v. Babbitt*
    69 F. Supp. 2d 1202 (E.D. Cal. 1999)...................................................................13

*Soranno's Gasco, Inc. v. Morgan*
    874 F.2d 1310 (9th Cir. 1989).............................................................................7, 8

*U.S. v. Stonehill*
    83 F.3d 1156 (9th Cir. 1996).............................................................................8, 9

*United Pub. Workers v. Mitchell*
    330 U.S. 75 (1947)................................................................................................11

*Valley Forge Christian Coll. v. Americans United for Separation of Church & State*
    454 U.S. 464 (1982)................................................................................................5

# TABLE OF AUTHORITIES
### (continued)

**Page**

*Vinci v. Waste Mgmt., Inc.*
    80 F.3d 1372 (9th Cir. 1996) ....................................................................................9

*Wolfson v. Brammer*
    616 F.3d 1045 (9th Cir. 2010) ..................................................................................8

**STATUTES**

42 U.S.C. § 1983 ............................................................................................................3, 7, 8

California Corporations Code
    § 301.3 ..................................................................................................................2, 3
    §§ 301.3 and 2115.5 ...................................................................................................2
    § 301.3(a) ...................................................................................................................2
    § 301.3(b) ...................................................................................................................2
    § 301.3(c) ...................................................................................................................2
    § 301.3(d) ...................................................................................................................3
    § 301.3(e) .............................................................................................................3, 11

**CONSTITUTIONAL PROVISIONS**

United States Constitution Fourteenth Amendment Equal Protection Clause ...................3

United States Constitution Article III .................................................................... *passim*

United States First Amendment ........................................................................................7

**COURT RULES**

Federal Rule of Civil Procedure
    12(b)(1) ......................................................................................................................4
    12(b)(6) ...................................................................................................................4, 5

**OTHER AUTHORITIES**

12B W. Fletcher, Cyclopedia of the Law of Private Corporations § 5911 (perm.
    ed., rev. vol. 2019) ................................................................................................5, 9

California Senate Bill No. 826 ............................................................................... *passim*

California Senate Bill No. 826, Chapter 954 ....................................................................2

Type Footer Info Here 2 («Matter Primary Court Case #»)

1

**INTRODUCTION**

2      California Senate Bill No. 826 requires publicly held corporations headquartered in the

3  state to include at least one woman on their board of directors.  In this case, Plaintiff sues as a

4  shareholder of a publicly held corporation governed by this law.  Specifically, he alleges that SB

5  826 violates the Equal Protection Clause because the corporation might incur a fine, if it fails to

6  comply with the law, thus impairing his right to vote for the corporation's board of directors.

7      Defendant California Secretary of State moves to dismiss the complaint on the grounds that

8  these claims are not justiciable in federal court and thus fail as a matter of law.  First, Plaintiff

9  lacks standing.  Because SB 826 does not govern Plaintiff's rights as a voting shareholder,

10  Plaintiff cannot allege any direct injury to himself from the law, as distinct from injury to the

11  corporation.  He also does not meet prudential requirements for shareholder standing because,

12  under principles of constitutional and corporate law, a shareholder lacks authority to sue for

13  injury to the corporation.  And even if he could properly allege injury derivative of the

14  corporation, Plaintiff's claims would fail because he cannot allege a cognizable "injury in fact" to

15  the corporation.  Any harm incurred if the corporation failed to comply with the law, and if the

16  corporation incurred a fine for such failure, is both too attenuated and too speculative to satisfy

17  Article III standing requirements.

18      Second, and relatedly, even if Plaintiff had standing to sue, the case would fail as unripe,

19  and may be moot.  Although Plaintiff alleges that the corporation "will" incur a fine should it fail

20  to comply with SB 826's provisions, this claim is manifestly premature:  Plaintiff has not alleged

21  that the corporation has failed to comply with the law or suffered a fine for noncompliance, and

22  even if it did not comply, neither SB 826 nor any implementing regulation requires a fine as a

23  consequence of noncompliance.  In addition, it is a judicially noticeable fact that the corporation

24  in question recently elected a woman to its board of directors.  This arguably moots the case, and,

25  at a minimum, it demonstrates how speculative is the claim that the corporation will suffer harm

26  in the future.

27      Absent standing or a ripe or live claim, federal jurisdiction is lacking.  For these reasons,

28  the Court should dismiss the Complaint in its entirety.

1

**BACKGROUND**

**I.    SENATE BILL NO. 826**

SB 826 added sections 301.3 and 2115.5 to the California Corporations Code.  Sen. Bill No. 826, ch. 954, 2018 Cal. Legis. Sess. 94.  The purpose of these statutes is to improve opportunities for women in the workplace by addressing imbalances on boards of directors of publicly held corporations headquartered in California.  *Id.*  The bill increases minimum requirements over time.  *Id.*

Corporations Code section 301.3 provides, in pertinent part, that a publicly held domestic or foreign corporation whose principal executive offices are located in California shall have a minimum of one female director on its board by December 31, 2019.[1]  § 301.3(a).  By December 31, 2021, minimum requirements will vary by board size.  See § 301.3(b) (requiring at least three female board members for boards of six or more directors, two female members for boards of five, and one for boards of four or fewer directors).  Corporations may increase the size of their boards to comply with the requirements.  § 301.3(a).  SB 826 only regulates corporations, not their shareholders.  See Sen. Bill No. 826.

Section 301.3 also provides the following, as pertains to the Secretary:

- "No later than July 1, 2019, the Secretary of State shall publish a report . . . documenting the number of domestic and foreign corporations whose principal executive offices . . . are located in California and who have at least one female director."  § 301.3(c).

- By March 1, 2020, the Secretary shall publish a report regarding: (1) the number of corporations that were in compliance with the requirements of this section during at least one point during the preceding calendar year; (2) the number of publicly held corporations that moved their headquarters to California from another state or out of California to another state during the preceding calendar year; and (3) the number of

---

[1] All further statutory references are to the California Corporations Code, unless otherwise stated.

2

publicly held corporations that were subject to this section during the preceding year but are no longer publicly traded.  § 301.3(d).

- "The Secretary of State may adopt regulations to implement this section" and "may impose fines for violations" of section 301.3.  § 301.3(e).

## II.   ALLEGATIONS OF THE COMPLAINT

Plaintiff Creighton Meland, Jr., is an individual shareholder of OSI Systems, Inc. Complaint, ECF No. 1 (filed Nov. 13, 2019) ("Compl."), ¶ 4.  He sues Alex Padilla, in his official capacity as California Secretary of State, because the Secretary's office is tasked with implementing SB 826.  Compl., ¶ 5.

OSI Systems is alleged to be a publicly traded corporation, with headquarters in California. Compl., ¶ 17.  Plaintiff contends that OSI Systems is subject to the provisions of SB 826, and because it has an all-male board, it must add a female member by the end of 2019 or risk a fine. Compl., ¶¶ 20, 21.  OSI Systems is not itself a party in this action.

Plaintiff alleges that a "Nominating and Governance Committee helps to vet and recommend board members."[2]  Compl., ¶¶ 22, 23.  He contends that SB 826 impacts "the behavior of shareholders" like himself, "who are responsible for voting for the members of the board of directors at annual meetings."  Compl., ¶ 23.  Plaintiff alleges that the only way a person can be selected to the board of directors is if "a plurality of shareholders vote in favor at the annual shareholder meeting."  Compl., ¶ 25.  He avers that SB 826 "injures Plaintiff's right to vote for the candidate of his choice" because of "the threat that the corporation will be fined if he votes without regard to sex."  Compl., ¶ 28.  Plaintiff alleges injury from the "potential fines" that OSI Systems may face if he does not "consider[] sex when selecting a board member."  Compl., ¶ 32.  He alleges that SB 826 harms his individual shareholder rights directly, "separate from any injury to the corporation."  Compl., ¶ 29.

Plaintiff alleges that SB 826 violates the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution, pursuant to 42 U.S.C. § 1983.  Compl., ¶ 33.  He seeks a

---

[2] Shareholders "may also submit names of candidates for election to the board of directors."  Compl., ¶ 24.

3

1  declaratory judgment, a permanent injunction preventing the Secretary from enforcing SB 826

2  "insofar as it requires shareholders to either take sex into account when exercising shareholder

3  voting rights or potentially subject a corporation to a fine," and attorneys' fees.  Compl. at p. 7.

4  **LEGAL STANDARD**

5  **I.    FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1)**

6       A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests the subject matter

7  jurisdiction of the Court.  *See, e.g., Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039-40

8  (9th Cir. 2003).  Motions under Rule 12(b)(1) may be either "facial" or "factual."  *Safe Air for*

9  *Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214,

10  1242 (9th Cir. 2000)).  In a facial attack, the movant argues that the allegations of a complaint are

11  insufficient to establish federal jurisdiction.  *See id.*  In a factual attack, the movant "disputes the

12  truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  *Id.*

13       When subject matter jurisdiction is challenged, the burden of proof is on the party invoking

14  the court's jurisdiction.  *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) ("the party

15  seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction

16  exists"); *George v. AZ Eagle TT Corp.*, 961 F. Supp. 2d 971, 973 (D. Ariz. 2013); *Hernandez v.*

17  *Vallco Int'l. Shopping Ctr., LLC*, No. 10-CV-02848-LHK, 2011 WL 890720 at *3 (N.D. Cal.

18  March 14, 2011) ("when subject matter jurisdiction is challenged under Rule 12(b)(1), the

19  plaintiff has the burden of proving jurisdiction in order to survive the motion").  Accordingly, the

20  court will presume lack of subject matter jurisdiction until the plaintiff proves otherwise in

21  response to a Rule 12(b)(1) motion to dismiss.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*,

22  511 U.S. 375, 376-78 (1994).

23  **II.    FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

24       Dismissal under Rule 12(b)(6) is proper where there is either a lack of a cognizable legal

25  theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v.*

26  *Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  Rule 12(b)(6) motions are the proper

27  vehicle for challenging stockholder standing.  *See Johnson v. Myers*, No. CV-11-00092-JF, 2011

28  WL 4533198 at *4 (N.D. Cal. Sept. 30, 2011) (citing *Araraki v. Lingle*, 477 F.3d 1048, 1056 (9th

4

1   Cir. 2007)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

2   accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S.

3   662, 678 (2009) (internal quotation omitted).  When a plaintiff pleads facts allowing "the court to

4   draw the reasonable inference that the defendant is liable" for the alleged misconduct, a claim has

5   facial plausibility.  *Id.*  "The plausibility standard is not akin to a 'probability requirement,' but it

6   asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  In ruling on a

7   motion to dismiss under Rule 12(b)(6), the court generally considers only the pleadings, and

8   accepts as true the allegations contained in the complaint.  *Id.*  However, the court does not accept

9   as true formulaic or conclusory allegations.  *Id.* at 681-82.

10      On a motion to dismiss made pursuant to Rule 12(b)(6), courts may take judicial notice of

11  undisputed matters of public record.  *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir.

12  2001); *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) ("In addition to the

13  complaint, it is proper for the district court to 'take judicial notice of matters of public record

14  outside the pleadings' and consider them for purposes of the motion to dismiss.") (citation

15  omitted).

16                                           **ARGUMENT**

17  **I.    PLAINTIFF LACKS STANDING TO CHALLENGE SB 826**

18      Plaintiff lacks standing because he alleges no cognizable injury to himself, no basis for

19  shareholder standing, and no cognizable injury to OSI Systems.  Article III of the United States

20  Constitution confines the jurisdiction of federal courts "to the resolution of cases and

21  controversies."  *Valley Forge Christian Coll. v. Americans United for Separation of Church &*

22  *State*, 454 U.S. 464, 471 (1982) (internal quotation marks omitted).  One of the "landmarks" used

23  by courts to identify cases "that are of the justiciable sort referred to in Article III . . . is the

24  doctrine of standing."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  In order to

25  establish Article III standing, a plaintiff must have a "personal stake in the outcome of the

26  controversy."  *Baker v. Carr*, 369 U.S. 186, 204 (1962).  The Supreme Court has established a

27  three-part test for standing.  "First, the plaintiff must have suffered an 'injury in fact'—an

28  invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) 'actual

                                              5

1   or imminent,' not 'conjectural' or 'hypothetical." *Lujan*, 504 U.S. at 560 (citation omitted).

2   Second, "there must be a causal connection between the injury and the conduct complained of;"

3   and third, there must be a likelihood "that the injury will be 'redressed by a favorable decision.'"

4   *Id.* at 560-61.

5        Shareholders who assert injuries derivative of an injury to a corporation must also satisfy

6   prudential factors to demonstrate their authority to sue on the corporation's behalf. *See Franchise*

7   *Tax Board of Calif. v. Alcan Aluminum LTD.,* 493 U.S. 331, 336 (1990); *Crusaders Productions,*

8   *Inc. v. Henderson*, No. 99-55442, 2000 WL 1523131 at *1 (9th Cir. 2000). As set forth below,

9   Plaintiff cannot satisfy either of these standards because he alleges no direct injury to himself,

10  fails to satisfy requirements for shareholder standing, and even fails to allege cognizable injury to

11  OSI Systems.

12       **A.    SB 826 Does Not Harm Plaintiff's Shareholder Voting Rights**

13       Plaintiff lacks standing because he has not alleged a personal injury separate and apart from

14  an alleged injury to OSI Systems. To state a cognizable claim, a shareholder must allege a direct

15  injury to his or her own rights, distinct from an injury to the corporation's rights. *BJP, L.L.C. v.*

16  *Kitsap County*, No. 10-5678-RJB, 2011 WL 3298661 at *5 (W.D. Wash. 2011) (finding that

17  shareholders failed to allege a constitutional violation when they suffered injuries as a result of

18  the violation of the of the corporation's rights). Plaintiff has not sufficiently alleged any direct

19  injury to his rights in order to convey standing, and so his claim fails as a matter of law.

20       Though he alleges that SB 826 harms his shareholder voting rights, this allegation cannot

21  be taken as true because, by its terms, SB 826 applies only to corporations, not to their

22  shareholders. Courts have found that shareholders have standing where their voting rights have

23  legitimately been impaired. *See, e.g., Lapidus v. Hecht*, 232 F.3d 679, 683 (9th Cir. 2000)

24  (finding shareholder standing where a corporation denied shareholders the right to vote on issues

25  that had been guaranteed them in the corporation's registration statement filed with the SEC).

26  But those cases typically involve corporations stripping shareholders of their voting rights

27  entirely with respect to certain transactions. *Id.*; *see also Northstar Financial Advisors, Inc. v.*

28  *Schwab Investments*, 779 F.3d 1036, 1058 (9th Cir. 2015) (finding standing where shareholders

1   were not permitted to vote on an action requiring such a vote).  In contrast, SB 826 does not

2   interfere in any way with shareholder voting rights.

3          SB 826 governs corporate conduct, not shareholder conduct.  It does not direct Plaintiff to

4   vote for any particular member of the board, or to nominate a man or woman as a director.  SB

5   826 does not penalize Plaintiff if he does not vote for a particular member of the board.  Plaintiff

6   alleges that "it is ultimately the shareholders of OSI [Systems] that must vote on whether a

7   particular individual is elected to the OSI board" and directors are elected only if "a plurality of

8   shareholders vote in favor at the annual shareholder meeting."  Compl., ¶¶ 23, 25.  Thus,

9   according to Plaintiff, SB 826 imposes a quota "directly on shareholders, and seeks to force

10  shareholders" to enforce SB 826's provisions.  Compl., ¶ 26.  Plaintiff seeks relief "insofar as [SB

11  826] requires shareholders to either take sex into account when exercising shareholder voting

12  rights or potentially subject a corporation to a fine."  Compl. at p. 7.  But Plaintiff's

13  characterization of SB 826 is directly at odds with its terms.  Because the law does not require

14  any voting shareholder to do anything, Plaintiff cannot as a matter of law allege a direct injury to

15  himself.

16         Nor do Plaintiff's allegations fall into the limited category of cases in which the Ninth

17  Circuit has found shareholder standing to bring a section 1983 claim.  *See, e.g., Soranno's Gasco,*

18  *Inc. v. Morgan*, 874 F.2d 1310, 1318-19 (9th Cir. 1989) (finding that the sole shareholders and

19  officers in a corporation stated a direct First Amendment violation where a public entity was

20  alleged to have taken action against the corporation in retaliation for the plaintiffs' public

21  criticism of the entity); *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1055-57 (9th Cir.

22  2002) (finding that owners of a corporation that owned a nightclub they alleged they had been

23  forced to sell due to racially discriminatory enforcement of a municipal ordinance stated a claim

24  against the city for violation of the Equal Protection Clause).

25         These cases are distinguishable because the plaintiffs, who were also the owners and

26  officers of the corporations, had distinct "possessory interests" and personal economic injury

27  "separate from that of the corporation."  *Gregory v. Fresno County*, No. 1:18-cv-00524-LJO,

28  2019 WL 2420548 at *25 (E.D. Cal. June 10, 2019) (rejecting claims of directors and officers of a

1 corporation alleging that the revocation of the corporation's charitable organization status

2 violated due process because they lacked a direct injury separate from that of the corporation, and

3 so lacked individual standing).  In *Gregory*, the court distinguished *RK Ventures, Inc.* and

4 *Soranno's Gasco*, noting that in each case, the plaintiffs had a property interest in their business,

5 given their respective roles as owners.  *Id.* at *23-24.  It is not sufficient for a plaintiff to assert a

6 personal economic injury resulting from a wrong to the corporation alone, as Plaintiff has done

7 here.  *Shell Petroleum, N.V. v. Graves*, 709 F.2d 593, 595 (9th Cir. 1983).  Plaintiff lacks standing

8 because he cannot allege a personal injury separate from an alleged injury to OSI Systems.

9 **B.   Plaintiff Cannot Sue for Harm to OSI Systems**

10 Similarly, under prudential standing limitations, Plaintiff also lacks authority to allege a

11 claim based on injury to OSI Systems.  Prudential standing is a "policy-based limitation[] on the

12 availability of judicial review."  *Mulhall v. Unite Here 355*, 618 F.3d 1279, 1290 (11th Cir.

13 2010).  It requires a court to consider whether, among other factors, the plaintiff "is asserting her

14 own rights or the rights of third parties . . ."  *Wolfson v. Brammer,* 616 F.3d 1045, 1056 (9th Cir.

15 2010) (citations omitted); *Johnson v. Myers*, 2011 WL 4533198 at *4; *Direct List, LLC v.

16 Kessler*, No. 15-CV-2025-WQH, 2018 WL 3327802 at *2 (S.D. Cal. July 6, 2018) (finding that a

17 shareholder's claims for fraud and breach of fiduciary duty against a corporation did not meet the

18 requirement for prudential standing because the shareholder did not allege a direct injury

19 independent from that of the corporation).

20 Because corporations are legally distinct, shareholders are generally prohibited from suing

21 to enforce corporate rights (with the exception of circumstances not alleged here).  *See Franchise

22 Tax Board of Calif. v. Alcan Aluminum,* 493 U.S. at 336.  "In general, shareholders lack standing

23 to assert an individual §1983 claim based on harm to the corporation in which they own shares"

24 *RK Ventures*, 307 F.3d at 1057; *see Erlich v. Glasner*, 418 F.2d 226, 228 (9th Cir. 1969); *Sax v.

25 World Wide Press, Inc.*, 809 F.2d 610, 613 (9th Cir. 1987); *U.S. v. Stonehill*, 83 F.3d 1156, 1160

26 (9th Cir. 1996) ("Well established principles of corporate law prevent a shareholder from

27 bringing an individual direct cause of action for an injury done to the corporation or third party")

28 (citations omitted).

8

1    Shareholders lack standing when their alleged injuries "are merely incidental to the injury"

2    caused to the corporation. *Stonehill*, 83 F.3d at 1161.  Plaintiff contends that SB 826 prevents

3    him from voting for the candidate of his choice for OSI Systems' board of directors because of

4    the threat "that the corporation will be fined if he votes without regard to sex."  Compl., ¶ 28.

5    This injury—the alleged impact to his voting rights—is merely incidental to and derivative of the

6    harm alleged to OSI Systems—the potential fine that OSI Systems may incur.

7    An action enforces a corporate right "if the gravamen of the complaint is injury to the

8    corporation, or to the whole body of its stock or property without any severance or distribution

9    among individual holders."  12B W. FLETCHER, CYCLOPEDIA OF THE LAW OF PRIVATE

10   CORPORATIONS § 5911 (perm. ed., rev. vol. 2019) (footnotes omitted).  In such cases, relief for

11   the injury must be sought by that corporation and not by one of its individual shareholders.

12   *Stonehill*, 83 F.3d at 1160-61.  Here, the gravamen of the complaint is that OSI Systems, and not

13   Plaintiff, may incur a fine if the corporation fails to comply with SB 826.  See Compl., ¶¶ 14

14   ("The Secretary is authorized to impose fines for the violation" of SB 826); 20 (OSI Systems

15   must comply with SB 826 "or face fines"); 28 (SB 826 causes Plaintiff to vote under "the threat

16   that the corporation will be fined"); 30 ("the company will be fined"); 32 (Plaintiff seeks

17   declaratory and injunctive relief so that "he would no longer have to worry that he might subject

18   OSI to potential fines").  The Complaint seeks to enforce the rights of OSI Systems, not the rights

19   of Plaintiff.

20   Where, as here, the harm shareholders allege is "indirect," then prudential factors operate to

21   bar the claim. *Stonehill*, 83 F.3d at 1160-61 (citing *Elster v. American Airlines, Inc.*, 100 A.2d

22   219, 222 (Del. Ch. 1953)).  Courts have determined that shareholders failed to state a cognizable

23   claim that a corporation's property and stock was depressed because of a town's illegal zoning

24   ordinance, *Stonehill*, 83 F.3d at 1160-61, or that a corporation's value was injured by an antitrust

25   violation, *Vinci v. Waste Mgmt., Inc.*, 80 F.3d 1372, 1375 (9th Cir. 1996).[3]  Because the injury

26   _____

[3] Similarly, shareholders are not permitted to bring direct suits against their corporations
27   for a breach of fiduciary duty where the alleged injury is to the value of the corporation's shares.
*See, e.g., Lewis v. Chiles*, 719 F.2d 1044, 1049 (9th Cir. 1983) ("Any decrease in the value of [the
28   corporation's] shares allegedly caused by the breaches of fiduciary duty of the corporation's

1     Plaintiff alleges is indirect and derivative of a financial harm to OSI Systems, the complaint fails

2     to state a cognizable claim for relief.  *See Johnson,* 2011 WL 4533198 at *4 (citing *Araraki,* 477

3     F.3d at 1056).

4          **C.**     **Plaintiff Cannot Allege Any Injury In Fact, Even to OSI Systems**

5         Even if Plaintiff could properly sue for an injury to OSI Systems, the injury Plaintiff alleges

6     is insufficient to satisfy the requirements of injury in fact.  Plaintiff contends that declaratory and

7     injunctive relief are necessary so that he will "no longer have to worry that he *might* subject OSI

8     to *potential* fines unless he considers sex when selecting a board member."  Compl., ¶ 32

9     (emphasis added).  The allegation is facially speculative, and too attenuated to support standing.

10    *See Friends of Wild Swan v. Vermillion*, 649 Fed. App'x. 475, 576 (9th Cir. 2017); *Lujan*, 504

11    U.S. at 559-60.  To establish an "injury in fact," Plaintiff must show "an invasion of a legally

12    protected interest" that is "concrete and particularized and "actual or imminent, not conjectural or

13    hypothetical."  *Lujan*, 504 U.S. at 560.  Further, "a 'concrete' injury must be 'de facto,' meaning,

14    it must actually exist."  *Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*, No. 3:16-cv-

15    00014-GPC, 2016 WL 6523428 at *2 (S.D. Cal. Nov. 3, 2016) (citing *Spokeo, Inc. v. Robins*, 136

16    S. Ct. 1540, 1548 (2016)).  The "threatened injury must be *certainly impending* to constitute

17    injury in fact" and "allegations of *possible* future injury are not sufficient."  *Clapper v. Amnesty*

18    *Intern. USA*, 133 S. Ct. 1138, 1147 (holding that the reliance on a "highly attenuated chain of

19    possibilities," involving a "highly speculative fear" did not amount to "certainly impending"

20    injury required for Article III standing) (emphasis in original) (citations omitted).

21        Plaintiff cannot meet this standard for injury in fact.  First, there is nothing in SB 826 that

22    requires the Secretary to impose a fine for non-compliance, and the Secretary is not alleged to

23    have adopted or issued regulations to implement SB 826, which took effect Jan. 1, 2019, and

24    which required corporations to have at least one female director by Dec. 31, 2019.  Second, the

25    recent addition of a woman to the OSI Systems' board of directors in December 2019 indicates

26

_____

27    officers and directors would not give rise to a direct cause of action."); *see also Papilsky v.*
*Berndt*, 466 F.2d 251, 255 (2d Cir. 1972) ("The fact that the injury may indirectly harm a

28    stockholder by diminishing the value of his corporate shares does not bestow upon him a right to
sue on his own behalf.").

1    that the corporation is in compliance with the law, and underscores the attenuated nature of

2    Plaintiff's alleged injury.  Request for Judicial Notice ("RJN"), Ex. 1 (OSI Systems' website); see

3    also RJN, Ex. 2 (OSI Systems' 8-K Form, Dec. 13, 2019) (reflecting that Kelli Bernard was

4    elected to OSI Systems' Board of Directors with the largest number of votes).  Because Plaintiff

5    cannot show that either he or the corporation has suffered or will suffer an "injury in fact" under

6    SB 826, the complaint must be dismissed.

7    **II.    PLAINTIFF'S CLAIM IS NOT RIPE**

8            For similar reasons, Plaintiff's claim should be dismissed because it is not ripe.  When

9    determining whether a claim is ripe, courts analyze both constitutional and prudential

10   requirements.  *Colwell v. Department of Health and Human Services*, 558 F.3d 1112, 1123 (9th

11   Cir. 2009).  For a suit to be ripe within the meaning of Article III, it must present "concrete legal

12   issues, presented in actual cases, not abstractions."  *United Pub. Workers v. Mitchell*, 330 U.S. 75,

13   89 (1947) (quoting *Elec. Bond. & Share Co. v. Sec. & Exch. Comm'n*, 303 U.S. 419, 443 (1938)).

14   "A hypothetical threat is not enough."  *Id.* at 90.  When examining whether a case is ripe, courts

15   look at whether "'the case involves uncertain or contingent future events that may not occur as

16   anticipated, or indeed may not occur at all.'"  *Richardson v. City & Cnty. Of Honolulu*, 124 F.3d

17   1150, 1160 (9th Cir. 1997) (citation omitted).  Plaintiff's claim is not ripe, because the allegation

18   that the Secretary of State will levy fines on corporations that do not comply with SB 826 is

19   entirely speculative.  Plaintiff alleges that because of the current makeup of OSI Systems' board

20   of directors, "the company will be fined unless the shareholders appoint at least one woman to the

21   board by the end of 2019 . . ."  Compl., ¶ 30.  But as noted above, nothing in SB 826 requires the

22   Secretary to impose a fine for noncompliance, nor have any regulations been issued by the

23   Secretary to implement SB 826, and Plaintiff does not allege otherwise.  SB 826 provides that the

24   Secretary of State "*may* adopt regulations" and "*may* impose fines" to enforce SB 826.  Cal. Corp.

25   Code § 301.3(e) (emphasis added).  Whether the Secretary will adopt future regulations or impose

26   fines for noncompliance with SB 826 is unknown.  There are no facts alleged that the Secretary of

27   State has done so.  And as noted above, OSI Systems has since added a woman to its board of

28

1   directors, bringing it into compliance with SB 826.  Thus, the harm alleged has not occurred, and

2   may never occur.

3         Courts also evaluate prudential considerations for determining ripeness, including "whether

4   the parties will suffer hardship if we decline to consider the issues."  *San Diego County Gun*

5   *Rights Committee v. Reno*, 98 F.3d 1121, 1132 (9th Cir. 1996) (citing *Pacific Gas & Elec. Co. v.*

6   *State Energy Resources Conservation and Dev. Comm'n*, 461 U.S. 190, 201 (1983)).  Here,

7   Plaintiff cannot show that he will suffer hardship if the Court declines to consider his lawsuit at

8   this time, since it appears that OSI Systems is in compliance with SB 826, and no fines are

9   threatened.  See RJN, Ex. 1 and 2.  Plaintiff has not been charged with violating SB 826, nor does

10  Plaintiff allege that he has had a fine levied against him or has been subject to a fine.  Further,

11  Plaintiff does not allege that OSI Systems has had a fine levied against it or is subject to a fine.

12  Plaintiff suffers no immediate hardship if the Court withholds its consideration at this time.

13  *American-Arab Anti-Discrimination Comm. v. Thornburgh*, 970 F.2d 501, 511 (9th Cir. 1991)

14  (finding that an issue was premature where none of the individual plaintiffs were at the time

15  charged under the challenged provisions).  Thus, Plaintiff's claims do not satisfy either the

16  constitutional or prudential requirements of a ripe claim.

17  **III.   PLAINTIFF'S CLAIM IS MOOT**

18        Plaintiff's claim is also moot because, as noted above, OSI Systems recently added a

19  woman to its board of directors.  RJN, Ex. 1 and 2.  Under Article III, federal courts have

20  jurisdiction adjudicate cases or controversies.  *Nasoordeen v. F.D.I.C.*, No. CV-08-05631-MMM,

21  2010 WL 1135888 at *5 (C.D. Cal. 2010).  To survive a mootness challenge, "'an actual

22  controversy must be extant at all stages of review, not merely at the time the complaint is filed.'"

23  *Seven Words LLC v. Network Solutions*, 260 F.3d 1089, 1095 (9th Cir. 2001) (quoting *Arizonans*

24  *for Official English v. Arizona*, 520 U.S. 43, 67 (1997)); *Foster v. Carson*, 347 F.3d 742, 745 (9th

25  Cir. 2003).  Federal courts lack jurisdiction in the absence of a live controversy.  *Cook Inlet*

26  *Treaty Tribes v. Shalala*, 166 F.3d 986, 989 (9th Cir. 1999).  Thus, if an event occurs while the

27  case is pending that removes the threat of injury and so only prospective relief is then sought, the

28  case must be dismissed.  *Sierra Club v. Babbitt*, 69 F. Supp. 2d 1202, 1244 (E.D. Cal. 1999)

1   (citing *Fund for Animals v. Babbitt*, 89 F.3d 128, 133 (2d Cir. 1996)).  Further, under the doctrine

2   of prudential mootness, courts may exercise their discretion to find a case moot where they

3   cannot grant meaningful relief.  *Institute for Wildlife Protection v. U.S. Fish and Wildlife Service*,

4   No. 07-CV-358-PK, 2007 WL 4117978 at *7 (D. Or. Nov. 16, 2007).  A controversy "not moot

5   in the Article III sense" may be still be moot when it is "'so attenuated that considerations of

6   prudence and comity for coordinate branches of government counsel the court to stay its hand,

7   and to withhold relief it has the power to grant.'"  *Sierra Club v. Babbitt*, 69 F. Supp. 2d at 1244

8   (quoting *Chamber of Commerce v. United States Dep't of Energy*, 627 F.2d 289, 291 (D.C. Cir.

9   1980)).  Courts in the Ninth Circuit have recognized the applicability of the doctrine of prudential

10  mootness in particular to cases where an injunction is sought against the government.  *Id.*

11      Here, Plaintiff's alleged injury—that he will have to vote for a woman or the corporation

12  may risk incurring fines—is moot, under both Article III and on prudential grounds.  OSI Systems

13  is currently in compliance with SB 826; it is not subject to any potential fines by the Secretary for

14  violation of this law.  Thus, Plaintiff effectively seeks an "advisory opinion," which courts refrain

15  from issuing.  *Seven Words LLC v. Network Solutions* 260 F.3d 1089, 1095 (9th Cir. 2001).

16  Because there is no injury to be remedied, Plaintiff's claim should be dismissed as moot.

17                              **CONCLUSION**

18      For the foregoing reasons, the Secretary of State respectfully requests that the Court dismiss

19  the Complaint in its entirety.

20  Dated:  January 6, 2020                    Respectfully Submitted,

21                                              XAVIER BECERRA
                                                Attorney General of California
22                                              TAMAR PACHTER
                                                Supervising Deputy Attorney General
23

24

25                                              */s/ Lara Haddad*

26                                              LARA HADDAD
                                                Deputy Attorney General
27                                              *Attorneys for California Secretary of State*

28

# CERTIFICATE OF SERVICE

Case Name:   **Creighton Meland v. Alex Padilla**        No.   **2:19-cv-2288**

I hereby certify that on January 6, 2020, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CALIFORNIA SECRETARY OF STATE'S MOTION TO DISMISS**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on January 6, 2020, at Los Angeles, California.

|  |  |
| :---: | :---: |
| Colby Luong | /s/ Colby Luong |
| Declarant | Signature |

SA2019106040
54017528.docx