UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CREIGHTON MELAND,<br>Plaintiff,<br>v.<br>ALEX PADILLA, Secretary of State of the State of California, in his official capacity,<br>Defendant. | No. 2:19-cv-02288-JAM-AC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

This case arises from a dispute over California Senate Bill No. 826 ("SB 826"), which requires publicly held corporations headquartered in the state to include at least one woman on their board of directors. Creighton Meland ("Plaintiff") brings this suit against Alex Padilla, California's Secretary of State ("Defendant"), as a shareholder of OSI Systems, Inc. ("OSI"), a publicly held corporation subject to this law. See Compl., ECF No. 1. Plaintiff alleges SB 826 impairs his right to vote for OSI's board of directors in violation of the Equal Protection Clause and seeks declaratory and injunctive relief. Id. Defendant moves to dismiss. Mot., ECF No. 7.

For the reasons set forth below, the Court GRANTS Defendant's motion.[1]

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for March 24, 2020.

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Governor Brown signed SB 826 into law on September 30, 2018. Compl. ¶ 6. It is codified as §§ 301.3 and 2115.5 of the California Corporations Code. Id. Under SB 826, any "publicly held domestic or foreign corporation whose principal executive offices . . . are located in California shall have a minimum of one female director on its board." Cal. Corp. Code § 301.3(a). The Secretary of State may adopt regulations to implement SB 826 and may also impose fines upon violators. Cal. Corp. Code § 301.3(e)(1). A first violation may result in a $100,000 fine and any subsequent violations may result in $300,000 fines. Cal. Corp. Code § 301.3(e)(1)(A)-(B).

OSI is a publicly traded corporation headquartered in Hawthorne, California and incorporated in Delaware. Compl. ¶¶ 17-18. Thus, it must comply with SB 826. Id. ¶ 20. When Plaintiff filed his complaint on November 13, 2019, OSI had a seven-member, all-male board of directors. Id. ¶ 21. To comply with SB 826, OSI had to elect a woman to the board by the end of 2019 and two more by the end of 2021. Id. Plaintiff, a shareholder of OSI, votes on the members of the board of directors. Id. ¶ 22. A candidate must receive a plurality of shareholder votes to be elected to the board. Compl. ¶ 25. Plaintiff alleges SB 826's requirements contain a sex-based classification that harms shareholder voting rights and violates the Fourteenth Amendment. Id. ¶¶ 29, 31. On December 12, 2019, OSI's shareholders elected a woman, Kelli Bernard ("Bernard"), to the board of directors. Opp'n at 5.

Defendant now moves to dismiss the complaint under Federal

Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing Plaintiff lacks standing and the case is unripe and moot. Mot., ECF No. 7. Plaintiff opposes the motion. Opp'n, ECF No. 13.

## II. OPINION

### A. Judicial Notice

Defendant requests that the Court take judicial notice of (1) a printout from OSI's website showing Bernard was elected to the company's board of directors in December 2019; and (2) a copy of OSI's Form 8-K, filed with the Security Exchange Commission ("SEC") on December 12, 2019. Request for Judicial Notice ("RJN"), ECF No. 8. Plaintiff does not acknowledge Defendant's request for judicial notice in his opposition but does acknowledge Bernard is now a member of the board. Opp'n at 5. Rule 201 of the Federal Rules of Evidence allows a court to take judicial notice of an adjudicative fact that is "not subject to reasonable dispute," because it (1) "is generally known within the trial court's territorial jurisdiction"; or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a)-(b).

"[A]s a general rule, a district court may not consider materials not originally included in the pleadings in deciding a Rule 12 motion . . . [but] it 'may take judicial notice of matters of public record' and consider them without converting a Rule 12 motion into one for summary judgment." United States v. 14.02 Acres of Land, 547 F.3d 943, 955 (9th Cir. 2008) (quoting

Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001)). However, courts may not take judicial notice of "disputed facts stated in public records." See Lee, 250 F.3d at 690. A court may also consider materials incorporated into the complaint. Cotto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010). The doctrine of incorporation by reference includes "situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." Id.

The complaint does not explicitly refer to the printout from OSI's website, but it contains allegations that OSI does not currently have a woman on its board of directors and that Defendant may fine OSI if a woman is not elected to the board before the end of 2019. Compl. ¶ 21. Plaintiff does not contend that the printout is not authentic, nor does he contest its relevance. Whether Plaintiff has standing is impacted, in part, by whether OSI will in fact be fined for not having a woman on its board. This suggests that the printout showing a woman is currently on the board, and that OSI will not be fined, is integral to the complaint. Meanwhile, the Form 8-K is a matter of public record, and therefore, a proper subject of judicial notice. See Glenbrook Capital Ltd. Partnership v. Kuo, 525 F. Supp. 2d 1130, 1137 (N.D. Cal. 2007) (finding the Form 8-K is a "publicly-available document").

Accordingly, the Court GRANTS Defendant's request for judicial notice of the printout from OSI's website and the Form

8-K filed with the SEC.

B. Applicable Legal Standards

1. Motion to Dismiss Under Rule 12(b)(1)

A Rule 12(b)(1) motion to dismiss tests whether a complaint alleges grounds for federal subject-matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). If the plaintiff lacks standing under Article III of the United States Constitution, then the court lacks subject-matter jurisdiction, and the case must be dismissed. See Steel Vo. v. Citizens for a Better Env't, 523 U.S. 83, 101–02 (1998). A jurisdictional challenge may be facial or factual. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).

The differences between the two are as the names suggest. When the challenge is facial, the court determines whether the allegations contained in the complaint are sufficient on their face to invoke federal jurisdiction, accepting all material allegations in the complaint as true and construing them in favor of the party asserting jurisdiction. See Warth v. Seldin, 422 U.S. 490, 501 (1975). By contrast, when the challenge is factual, "the court need not presume the truthfulness of the plaintiff's allegations," and can, instead, review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment. Safe Air for Everyone, 373 F.3d at 1039.

Once a party has moved to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the opposing party bears the burden of establishing the court's jurisdiction. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).

2. Standing

Standing consists "of two related components: the constitutional requirements of Article III and nonconstitutional prudential considerations." Franchise Tax Board of Calif. v. Alcan Aluminum LTD., 493 U.S. 331, 335 (1990). With regard to Article III, "standing is an essential and unchanging part of the case-or-controversy requirement . . . ." Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992). Standing is therefore a "threshold question" in "determining the power of the court to entertain the suit." Warth, 422 U.S. at 498. To establish standing, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016), as revised (May 24, 2016). At the pleading stage "[i]t is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." Warth, 422 U.S. at 518.

For Plaintiff to have standing, he must first establish an injury in fact. To do so, Plaintiff must show that he suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." Lujan, 504 U.S., at 560–61. A concrete injury to the plaintiff must actually exist. Spokeo, 136 S. Ct., at 1548 (citations omitted). An "[a]bstract injury is not enough." City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983). "The plaintiff must show that he has sustained or is immediately in

danger of sustaining some direct injury as the result of the challenged official conduct and . . . ." As previously mentioned, "the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." Id. at 101-02 (internal quotation marks and citations omitted). Moreover, to be particularized, the injury "must affect the plaintiff in a personal and individual way." Id. (internal quotation marks and citations omitted). The injury-in-fact test "requires that the party seeking review be himself among the injured." Sierra Club v. Morton, 405 U.S. 727, 734-35 (1972).

Meanwhile, the prudential requirements of the standing doctrine require that "the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." (internal quotation marks and citation omitted). Alcan Aluminum, 493 U.S. at 336. Related to this principle is the shareholder standing rule. Id. "The rule is a longstanding equitable restriction that generally prohibits shareholders from initiating actions to enforce the rights of the corporation unless the corporation's management has refused to pursue the same action for reasons other than good-faith business judgment." Id. However, a shareholder with a direct, personal interest in a cause of action may bring suit even if the corporation's rights are also implicated. Id.

C. Analysis

1. Article III

Under the Equal Protection Clause of the Fourteenth Amendment, "[n]o State shall . . . deny to any person within its

jurisdiction the equal protection of the laws." U.S. Const., Amdt. 14, § 1. Plaintiff alleges SB 826 discriminates on the basis of sex in violation of the Equal Protection Clause. Compl. ¶ 36. Specifically, Plaintiff argues his Fourteenth Amendment rights are violated because SB 826 "coerces shareholders into voting for a minimum number of female board members, and '[a] person required by the government to discriminate by ethnicity or sex against others has standing to challenge the validity of the requirement.'" Opp'n at 7 (citing Monterey Mechanical Co. v. Wilson, 125 F.3d 702, 707 (9th Cir. 1997)). But Plaintiff has ignored and/or distorted the plain language of SB 826.

SB 826 requires publicly held domestic or foreign corporations, with principal executive offices in California, to have a minimum of one female director on its board by the end of 2019. Cal. Corp. Code § 301.3(a). By the end of 2021, SB 826 requires those corporations to increase the number of women on their boards in proportion to the size of their boards. Cal. Corp. Code § 301.3(b)(1)-(3). These are the only requirements SB 826 imposes on publicly held corporations. Meanwhile, SB 826 requires two principal actions from the Secretary of State: publication of a report detailing the California corporations with at least one female director; and then later, publication of a report with other related details. See Cal. Corp. Code § 301.3(c)-(d)(1)-(3). SB 826 permits, but does not require, the Secretary of State to "adopt regulations to implement this section" and "impose fines for violations of this section." Cal. Corp. Code § 301.3(e)(1).

None of these provisions of SB 826 constitutes an invasion of Plaintiff's Fourteenth Amendment rights sufficient to establish Article III standing. Plaintiff's emphasis on the principle that a person required by the government to discriminate has standing to challenge the requirement misses the mark. Opp'n at 7 (citing Monterey Mechanical, 125 F.3d at 707). For instance, Monterey Mechanical involved a challenge by a general contractor to a state statute requiring general contractors to subcontract percentages of work to minority, women, and disabled veteran-owned subcontractors. 125 F.3d at 704. The court found that the general contractor had standing to sue, in part, because the law required the general contractor to discriminate against others in order to receive a bid for work. Id. at 707. There, the statute placed a requirement and a penalty on general contractors, and plaintiff was himself a general contractor. Here, SB 826 places a requirement and a possible penalty on publicly held corporations, but Plaintiff is not a publicly held corporation. He is a shareholder. And that is a distinction with a difference.

"Standing doctrine requires us to ask . . . 'Was this person hurt by the claimed wrongs?'" Id. (internal quotation marks and citation omitted). Thus, an injury in fact must affect the plaintiff in a personal and individual way. Spokeo, 136 S. Ct., at 1548. The requirement that corporations subject to SB 826 have at least one woman on their board of directors is not imposed on Plaintiff. Nor is the possible penalty. Thus, notwithstanding SB 826, Plaintiff, as a shareholder, can vote in shareholder elections as he pleases. If, at future shareholder

meetings, Plaintiff prefers a male board member nominee, there is nothing in SB 826 preventing him from casting a vote in favor of that nominee. The provision of SB 826 that requires women to be included on these boards applies only to corporations. Thus, Plaintiff is not affected by SB 826 in a personal and individual way. Any invasion of his Fourteenth Amendment rights is too abstract to amount to an "injury in fact." Lujan, 504 U.S., at 560-61.

Moreover, assuming *arguendo* Plaintiff had established a concrete and particularized invasion of a legally protected interest, he cannot establish his injury is "actual or imminent, not conjectural or hypothetical." Id. Plaintiff alleges that "[b]ecause OSI does not currently have the requisite number of women on its board, the company will be fined . . . ." Compl. ¶ 30. This is simply not true. As acknowledged in Plaintiff's opposition, OSI now has a woman on its board of directors, see Opp'n at 5, and, thus, will not be fined. To say nothing of the fact that SB 826 does not actually require fines be imposed by the Secretary of the State. See Cal. Corp. Code § 301.3(e)(1). Thus, Plaintiff's alleged injury is purely hypothetical and cannot be recognized by this Court. Indeed, Federal courts cannot issue advisory opinions in hypothetical cases. Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc) (The court's "role is neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution.").

In sum, Plaintiff failed to identify a concrete and

particularized injury in fact under the Equal Protection Clause, as required for Article III standing. Further, Plaintiff's alleged injury is neither real nor immediate. Accordingly, Plaintiff lacks Article III standing to bring a claim under the Fourteenth Amendment.

2. Prudential Considerations

The doctrine of prudential standing requires the court to consider "whether the plaintiff is asserting her own rights or the rights of third parties." Wolfson v. Brammer, 616 F.3d 1045, 1056 (9th Cir. 2010). Thus, for a shareholder to redress an injury to a corporation, the shareholder must have "been injured directly and independently from the corporation." RK Ventures, Inc. v. City of Seattle, 307 F.3d 1045, 1057 (9th Cir. 2002) (internal quotation marks and citation omitted). For the same reasons Plaintiff does not have Article III standing, Plaintiff does not have prudential standing under the shareholder rule.

As explained above, Plaintiff is not injured by SB 826's requirements. SB 826 only places requirements on corporations; and only corporations face possible regulations and fines. Consequently, Plaintiff has not and cannot be injured directly and independently from OSI. To the extent SB 826 influences the way Plaintiff chooses to vote at future shareholder meetings, that influence is "merely incidental to the injury caused to the corporation" by SB 826. U.S. v. Stonehill, 83 F.3d 1156, 1160 (9th Cir. 1996). Shareholder standing can exist where voting rights have legitimately been impaired. Shareholder voting rights are legitimately impaired when shareholders are denied

the right to vote on certain issues outright. See Lapidus v. Hecht, 232 F.3d 679, 683 (9th Cir. 2000) (finding shareholder standing where a corporation prevented shareholders from voting on issues guaranteed to them in the corporation's registration statement); see also Northstar Financial Advisors, Inc. v. Schwab Investments, 779 F.3d 1036, 1058 (9th Cir. 2015) (finding shareholder standing where shareholders were prevented from voting on an action requiring such a vote). However, SB 826 does not strip Plaintiff of his voting rights. Nor does it force Plaintiff to vote in any particular manner.

Defendant correctly points out that the Court need not determine whether California law or Delaware law applies to the question of whether a shareholder has suffered a direct or derivative injury. See Reply at 4 (citing Gosset v. Wenaas, 42 Cal. 4th 1100, 1119 (2008) (the court need not reach the issue of which state's laws apply where dismissal of the case occurs under either California or Delaware law)). Under either, Plaintiff's claim is derivative of OSI's. In California, "the action is derivative . . . if the gravamen of the complaint is injury to the corporation, or to the whole body of its stock or property without any severance or distribution among individual holders . . . ." Jones v. H.F. Ahmanson & Co., 1 Cal.3d 93, 106 (1969) (internal quotation marks and citations omitted). In Delaware, the courts ask: "Who suffered the alleged harm—the corporation or the suing stockholder individually—and who would receive the benefit of the recovery or other remedy?" Tooley v. Donaldson, Lufkin & Jenrette, Inc., 845 A.2d 1031, 1035 (Del. 2004). As in California, "[t]he stockholder's claimed direct

injury must be independent of any alleged injury to the corporation." Id. at 1039.

Again, SB 826 does not impair Plaintiff's voting rights. Plaintiff has not suffered an injury separate and apart from an injury to OSI. Accordingly, Plaintiff also lacks shareholder standing to bring a claim under the Fourteenth Amendment. The Court DISMISSES Plaintiff's complaint WITHOUT PREJUDICE.

III. ORDER

For the reasons set forth above, Plaintiff lacks standing to pursue his claim and the suit is DISMISSED WITHOUT PREJUDICE. See Fleck & Assocs., Inc. v. City of Phoenix, 471 F.3d 1100, 1106-07 (9th Cir. 2006) (holding that dismissal for lack of standing should be without prejudice).

Because Plaintiff lacks standing, the Court need not address whether Plaintiff adequately stated a claim under Rule 12(b)(6). Id. at 1102 ("Because [the plaintiff] lacked standing . . . the district court lacked subject matter jurisdiction and should have dismissed the complaint on that ground alone."). Defendant's Motion to Dismiss is therefore GRANTED.

IT IS SO ORDERED.

Dated: April 20, 2020

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE