1  ROB BONTA (SBN 202668)
   Attorney General of California
2  MICHAEL L. NEWMAN (SBN 222993)
   Senior Assistant Attorney General
3  LAURA L. FAER (SBN 233846)
   VILMA PALMA-SOLANA (SBN 267992)
4  Supervising Deputy Attorneys General
   LISA CISNEROS (SBN 251473)
5  MARISOL LEÓN (SBN 298707)
   Deputy Attorneys General
6    300 South Spring Street, Suite 1702
     Los Angeles, CA 90013
7    Telephone: (213) 269-6413
     E-mail: Marisol.Leon@doj.ca.gov
8  *Attorneys for Defendant California
   Secretary of State Shirley N. Weber*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CREIGHTON MELAND, JR.,<br><br>            Plaintiff,<br><br>    v.<br><br>SHIRLEY N. WEBER, in her official capacity as Secretary of State of the State of California,<br><br>            Defendant. | Case No. 2:19-cv-02288-JAM-AC<br><br>**DEFENDANT SECRETARY OF STATE'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF CREIGHTON MELAND, JR., FILED IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:        October 19, 2021<br>Time:        1:30 p.m.<br>Dept:        Courtroom 6, 14th Floor<br>Judge:       Honorable John A. Mendez<br>Action Filed: November 13, 2019 |

Defendant Dr. Shirley N. Weber, in her official capacity as Secretary of State of the State of California, hereby submits the following objections to the Declaration of Creighton Meland, Jr. (Meland Declaration) (Dkt. No. 23-2), filed in support of Plaintiff's Motion for Preliminary Injunction (Dkt. No. 23).

| No. | Proffered Evidence | Objection |
|---|---|---|
| 1. | **Meland Decl., at ¶ 5**: "OSI is subject to the Woman Quota." | Constitutes an improper legal conclusion as to SB 826 creating a "Woman Quota." Testimony that constitutes a legal conclusion, or the legal implications of evidence is inadmissible under Fed. R. Evid. 704. *See United States v. Boulware*, 558 F.3d 971, 975 (9th Cir. 2009); *United States v. School*, 166 F.3d 964, 973 (9th Cir. 1999).<br><br>The mischaracterization of SB 826 as "the Woman Quota" is also unduly prejudicial by being misleading, confusing the issues, and offering no probative value. Fed. R. Evid. 403. |
| 2. | **Meland Decl., at ¶ 6**: "OSI currently has one female director who was added to the board in 2019, shortly before the Woman Quota went into effect." | Constitutes an improper legal conclusion as to SB 826 creating a "Woman Quota." Testimony that constitutes a legal conclusion, or the legal implications of evidence is inadmissible under Fed. R. Evid. 704. *See Boulware*, 558 F.3d at 975; *United States v. School*, 166 F.3d at 973. |

1

Defendant Secretary of State's Evidentiary Objs. to Creighton Meland, Jr., Decl. Case No. 2:19-cv-02288-JAM-AC

| | | |
|---|---|---|
| | | The mischaracterization of SB 826 as "the Woman Quota" is also unduly prejudicial by being misleading, confusing the issues, and offering no probative value. Fed. R. Evid. 403. |
| 3. | **Meland Decl., at ¶ 7:** "Because OSI currently has 7 directors, shareholders will be required to elect a total of three female directors at the upcoming shareholder election or the corporation will fall out of compliance with the Woman Quota." | Constitutes an improper legal conclusion regarding compliance with SB 826. Testimony that constitutes a legal conclusion, or the legal implications of evidence is inadmissible under Fed. R. Evid. 704. *See Boulware*, 558 F.3d at 975; *United States v. School*, 166 F.3d at 973. <br><br> Constitutes an improper legal conclusion as to SB 826 creating a "Woman quota." Testimony that constitutes a legal conclusion, or the legal implications of evidence is inadmissible under Fed. R. Evid. 704. *See Boulware*, 558 F.3d at 975; *United States v. School*, 166 F.3d at 973. <br><br> The mischaracterization of SB 826 as "the Woman Quota" is also unduly prejudicial by being misleading, confusing the issues, and offering no probative value. Fed. R. Evid. 403. |

2

Defendant Secretary of State's Evidentiary Objs. to Creighton Meland, Jr.., Decl. Case No. 2:19-cv-02288-JAM-AC

| | | | |
|---|---|---|---|
| | | | Declarant also offers speculative lay testimony here as to what will happen at OSI's 2021 board director election. Fed. R. Evid. 701; *United States v. Freeman*, 498 F.3d 893, 905 (9th Cir. 2007) ("It is necessary that a lay witness's 'opinions are based upon... direct perception of the event, are not speculative, and are helpful to the determination' of factual issues before the jury." (quoting *United States v. De Peri*, 778 F.2d 963, 977-78 (1985))). |
| 4. | | **Meland Decl., at ¶ 8:** "Under SB 826, I feel pressured to vote according to sex because if I vote otherwise, OSI may be fined up to $700,000." | Declarant has no personal knowledge regarding fines imposed or that will be imposed on OSI. Witnesses are prohibited from testifying as to matters that they lack personal knowledge of. Fed. R. Evid. 602.<br><br>Declarant also offers speculative lay testimony here regarding fines OSI may face. Fed. R. Evid. 701; *Freeman*, 498 F.3d at 905 (9th Cir. 2007) ("It is necessary that a lay witness's 'opinions are based upon... direct perception of the event, are not speculative, and are helpful to the determination' of factual issues before the |

3

| | | |
|---|---|---|
| | | jury." (quoting *United States v. De Peri*, 778 F.2d 963, 977-78 (1985))). |
| 5. | **Meland Decl., at ¶ 9:** "In other words, the State of California is pressuring me to discriminate on the basis of sex." | Suggestion that the State of California is pressuring Meland to discriminate constitutes an improper legal conclusion. Testimony that constitutes a legal conclusion, or the legal implications of evidence is inadmissible under Fed. R. Evid. 704. *See Boulware*, 558 F.3d at 975; *United States v. School*, 166 F.3d at 973. |
| 6. | **Meland Decl., at ¶ 10:** "Even if I flout the quota, SB 826's coercive pressure to vote for female candidates will undoubtedly skew the election. SB 826 tilts the election in favor of sex-based votes." | Suggestion that SB 826 places "coercive pressure to vote for female candidates" on shareholders constitutes an improper legal conclusion. Testimony that constitutes a legal conclusion, or the legal implications of evidence is inadmissible under Fed. R. Evid. 704. *See Boulware*, 558 F.3d at 975; *United States v. School*, 166 F.3d at 973.<br><br>Declarant also offers speculative lay testimony here regarding the board election. Fed. R. Evid. 701; *Freeman*, 498 F.3d at 905 (9th Cir. 2007) ("It is necessary that a lay witness's 'opinions are based upon... direct perception of the event, are not speculative, and are helpful to the determination' of |

4

Defendant Secretary of State's Evidentiary Objs. to Creighton Meland, Jr.., Decl. Case No. 2:19-cv-02288-JAM-AC

| | | factual issues before the jury." (quoting *United States v. De Peri*, 778 F.2d 963, 977-78 (1985))). |
|---|---|---|

Dated: September 28, 2021

Respectfully submitted,

ROB BONTA
Attorney General of California
MICHAEL L. NEWMAN
Senior Assistant Attorney General
LAURA L. FAER
VILMA PALMA-SOLANA
Supervising Deputy Attorneys General
LISA CISNEROS
Deputy Attorney General

MARISOL LEÓN
Deputy Attorney General
*Attorneys for Defendant California Secretary of State*

5

Defendant Secretary of State's Evidentiary Objs. to Creighton Meland, Jr.., Decl. Case No. 2:19-cv-02288-JAM-AC