ANASTASIA P. BODEN, Cal. Bar No. 281911
Email: ABoden@pacificlegal.org
JOSHUA P. THOMPSON, Cal. Bar No. 250955
Email: JThompson@pacificlegal.org
DANIEL M. ORTNER, Cal. Bar No. 329866
Email: DOrtner@pacificlegal.org
Pacific Legal Foundation
930 G Street
Sacramento, California 95814
Telephone: (916) 419-7111
Facsimile: (916) 419-7747

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CREIGHTON MELAND, JR., | No. 2:19-cv-02288-JAM-AC |
| Plaintiff, | |
| v. | **PLAINTIFF'S RESPONSES TO DEFENDANT'S EVIDENTIARY OBJECTIONS** |
| SHIRLEY N. WEBER, in her official capacity as Secretary of State of the State of California, | |
| Defendant. | |

Plaintiff hereby submits the following responses to Defendant's evidentiary objections to the declaration of Mr. Meland.

| No. | Proffered Evidence | Response to Objections |
|---|---|---|
| 1. | "OSI is subject to the woman quota." | Use of the term "Woman Quota" is not a legal conclusion under Fed R. Evid 704.<br><br>SB 826 by its plain text creates a requirement that corporations appoint a certain number of women to their corporate boards. It is therefore |

| | | |
|---|---|---|
| | | reasonable for Mr. Meland to refer to this requirement as a "Woman Quota." |
| | | Use of this term is not unduly prejudicial, does not mislead, and does not confuse the issues. As one of Defendant's declarants' notes, he himself has referred to SB 826 as a quota. Rosenblum Decl. fn. 3. |
| | | The use of the term "Woman Quota" has probative value because it accurately describes SB 826 and links to the language used in relevant precedent such as *Bakke*. |
| 2. | "OSI currently has one female director who was added to the board in 2019, shortly before the Woman Quota went into effect." | Use of the term "Woman Quota" is not a legal conclusion under Fed. R. Evid. 704.<br><br>SB 826 by its plain text creates a requirement that corporations appoint a certain number of women to their corporate boards. It is therefore reasonable for Mr. Meland to refer to this requirement as a "Woman Quota." |

| | | |
|---|---|---|
| | | Use of this term is not unduly prejudicial, does not mislead, and does not confuse the issues. As one of Defendant's declarants' notes, he himself has referred to SB 826 as a quota. Rosenblum Decl. fn. 3.<br><br>The use of the term "Woman Quota" has probative value because it accurately describes SB 826 and links to the language used in relevant precedent such as *Bakke*. |
| 3. | "Because OSI currently has 7 directors, shareholders will be required to elect a total of three female directors at the upcoming shareholder election or the corporation will fall out of compliance with the Woman Quota." | Mr. Meland's observation that OSI needs to add two more women to its board is not an improper legal conclusion. Mr. Meland is capable of reading and commenting on the plain meaning of the Woman Quota and his remarks are not offered for the purpose of establishing a contested proposition of law.<br><br>Moreover, the fact that if OSI has 7 directors it would be required to have 3 female directors as of December 31, |

2021, is undisputed and so this objection is frivolous.

Mr. Meland does not speculate regarding what will happen at OSI's board meeting. It is undisputed that in order to remain in compliance with its current number of board seats, OSI will have to add two more female directors. Mr. Meland does not speculate as to whether OSI will choose to comply or risk a fine.

Use of the term "Woman Quota" is not a legal conclusion under Fed. R. Evid. 704.

SB 826 by its plain text creates a requirement that corporations appoint a certain number of women to their corporate boards. It is therefore reasonable for Mr. Meland to refer to this requirement as a "Woman Quota."

Use of this term is not unduly prejudicial, does not mislead, and does not confuse the issues. As one of Defendant's declarants' notes, he

| | | |
|---|---|---|
| | | himself has referred to SB 826 as a quota. Rosenblum Decl. fn. 3.<br><br>The use of the term "Woman Quota" has probative value because it accurately describes SB 826 and links to the language used in relevant precedent such as *Bakke*. |
| 4. | "Under SB 826, I feel pressured to vote according to sex because if I vote otherwise, OSI may be fined up to $700,000." | This statement is not being used to establish the truthfulness of the statement that OSI will suffer fines. Instead, it is offered to establish the impact that SB 826 and the threat of potential fines is having on Mr. Meland. Mr. Meland has personal knowledge of the impact that SB 826 has had on his voting decisions.<br><br>Nevertheless, it is plain from the text of the Woman Quota that Defendant could impose a fine on OSI if OSI does not comply with the quota, and the Defendant does not deny that it has this statutory authority. |

| 5. | "In other words, the State of California is pressuring me to discriminate on the basis of sex." | Contrary to Defendant's suggestion, this is not an improper legal conclusion. Mr. Meland is speaking as a lay witness about the impact that the Woman Quota is having on him. His use of the phrase "pressuring me to discriminate" is intended colloquially and not a legal term of art. |
| --- | --- | --- |
| 6. | "Even if I flout the quota, SB 826's coercive pressure to vote for female candidates will undoubtedly skew the election. SB 86 tilts the election in favor of sex-based votes." | Mr. Meland does not offer an improper legal conclusion when he refers to the Woman Quota's "coercive pressure." His conclusion is based on his own personal experience as well as the natural consequences of a government mandate that shareholders engage in discrimination (as affirmed by the Ninth Circuit). |
| | | Mr. Meland's remarks about the impact of the Woman Quota in tilting the election in favor of sex-based votes is similarly a logical inference from the natural consequences of a sex-based quota and is therefore not speculative |

DATED: October 12, 2021.

Respectfully submitted,

ANASTASIA P. BODEN
JOSHUA P. THOMPSON
DANIEL M. ORTNER

By: _____/s/ Anastasia P. Boden_____
ANASTASIA P. BODEN
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2021, I served the foregoing PLAINTIFF'S RESPONSES TO DEFENDANT'S EVIDENTIARY OBJECTIONS through the Court's CM/ECF system on all registered counsel.

/s/ Anastasia Boden

Anastasia Boden
Cal. Bar No. 281911
Lead Counsel
