ROB BONTA, State Bar No. 202668
Attorney General of California
MICHAEL L. NEWMAN, State Bar No. 222993
Senior Assistant Attorney General
LAURA L. FAER, State Bar No. 233846
VILMA PALMA-SOLANA, State Bar No. 267992
Supervising Deputy Attorneys General
LISA CISNEROS, State Bar No. 251473
MARISOL LEÓN, State Bar No. 298707
DELBERT TRAN, State Bar No. 323993
Deputy Attorneys General
 455 Golden Gate Ave., Suite 11000
 San Francisco, CA 94102-7004
 Telephone:  (415) 510-3438
 E-mail:  Lisa.Cisneros@doj.ca.gov
*Attorneys for Defendant California
Secretary of State Shirley N. Weber*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| **CREIGHTON MELAND, JR.,**<br><br>Plaintiff,<br><br>v.<br><br>**SHIRLEY N. WEBER, in her official capacity as Secretary of State of the State of California,**<br><br>Defendant. | Case No. 2:19-cv-02288-JAM-AC<br><br>**ANSWER**<br><br>Judge:          Honorable John A. Mendez<br>Trial Date:    None set<br>Action Filed:  November 13, 2019 |

Defendant Shirley N. Weber, in her official capacity as California Secretary of State ("Secretary of State" or "Secretary"), answers the Complaint for Declaratory and Injunctive Relief ("Complaint"), ECF No. 1, of Plaintiff Creighton Meland, Jr., as follows.

The Secretary generally denies all allegations except those specifically admitted.

The Secretary declines to respond to allegations that refer to SB 826 as the "Woman Quota," as such wording is argumentative and constitutes a legal conclusion that requires no response. To the extent a response is deemed required, Plaintiff denies that SB 826 establishes a "Woman Quota".

**INTRODUCTION**

1.     The allegations contained in Paragraph 1 of the Complaint constitute of legal conclusions and Plaintiff's characterizations of SB 826 and *Associated General Contractors of California, Inc. v. City and County of San Francisco*, 813 F.2d 922, 941 (9th Cir. 1987), and are not factual allegations and, as such, no response is required. To the extent a response is deemed required, the Secretary respectfully refers the Court to the text of SB 826 and the Ninth Circuit decision for a full and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

**JURISDICTION AND VENUE**

2.     The allegations contained in Paragraph 2 of the Complaint constitute legal conclusions that require no response. To the extent a response is deemed required, the Secretary states the following, and otherwise the allegations of this paragraph are denied. The Secretary admits that 42 U.S.C. § 1983 creates a private right of action for every person who has been deprived, under color of state law, of any rights secured by the United States Constitution, but denies that jurisdiction exists based on this provision itself.  Furthermore, the Secretary admits that the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, empowers federal courts to grant a new remedy, a declaratory judgment, in addition to injunctive relief, but denies that the provision itself expands or reduces the subject matter jurisdiction of the federal courts.  The Secretary denies that the Court has jurisdiction over Plaintiff's sole federal claim under 28 U.S.C. § 1331 and under 28 U.S.C. § 1343(a).

1

3.     Without admitting that subject matter jurisdiction exists in this case, the Secretary admits that the Eastern District of California is the proper venue in which this action should be heard.

**PARTIES**

4.     The Secretary is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 4 of the Complaint, but the Secretary admits that Plaintiff has at least owned OSI Systems, Inc. (OSI) shares in the past.

5.     Paragraph 5 consists of Plaintiff's characterizations of the Secretary of State's role and responsibilities under the California Constitution, Article V, § 11, and SB 826, and his characterization of the nature of his claim against the Secretary under *Ex parte Young*, 209 U.S. 123, 189 (1908), to which no response is required. To the extent a response is required, the Secretary respectfully refers the Court to these provisions of California law and the case law for a complete and accurate statement of their contents, and denies that Alex Padilla is the Secretary of State of the State of California and denies that the Secretary of State is "charged with . . . enforcing SB 826," as the Secretary retains the discretion as to whether to enforce the provisions of SB 826 through the promulgation of implementing regulations and the issuance of monetary fines. The Secretary admits that Dr. Shirley N. Weber is now serving in an official capacity as the current Secretary of State, and denies that Alex Padilla can be sued in such capacity, as he is no longer the Secretary of State.

**FACTUAL ALLEGATIONS**

**Senate Bill 826**

The heading and subheading that separate Paragraphs 5 and 6 of the Complaint do not constitute material allegations that require a response.

6.     Admit.

7.     Paragraph 7 appears to consist of Plaintiff's characterizations of Governor Brown's intent and select portions of his signing statement, as well as legal conclusions, not allegations of fact to which a response is required. To the extent a response is required, the Secretary

2

respectfully refers the Court to the signing statement itself for a complete and accurate statement of its contents, and otherwise the allegations of this paragraph are denied.

8.     Paragraph 8 appears to pull out of context several quotes from the June 24, 2018 bill analysis prepared for the June 26, 2018 Assembly Committee on Judiciary hearing regarding SB 826, and Paragraph 8 references, evidently, the August 21, 2018 Assembly Floor Analysis. To the extent that Plaintiff alleges that these statements amount to admissions or provide evidence that SB 826 violates the Equal Protection Clause, these allegations consist of legal conclusions, not allegations of fact to which a response is required. To the extent that a response is deemed required, the Secretary respectfully refers the Court to both bill analyses for a full and accurate statement of their contents, and otherwise the allegations of this paragraph are denied.

9.     Paragraph 9 consists of partial quotations from SB 826 adding Section 301.3(a) and (b) to the Corporations Code to which no response is required.  To the extent that a response is deemed required, the Secretary respectfully refers the Court to SB 826 for a full and accurate statement of its contents, and otherwise the allegations of this paragraph are denied.

10.     To the extent that Paragraph 10 references a provision of SB 826 adding Section 301.3(f)(2) to the Corporations Code, the Secretary respectfully refers the Court to SB 826 for a full and accurate statement of its contents, and otherwise the allegations of this paragraph are denied.

11.     To the extent that Paragraph 11 references a provision of SB 826 adding Section 301.3(d) to the Corporations Code, the Secretary respectfully refers the Court to SB 826 for a full and accurate statement of its contents, and otherwise the allegations of this paragraph are denied.

12.     Deny.

13.     To the extent that Paragraph 13 references a provision of SB 826 adding Section 301.3(c) to the Corporations Code, the Secretary respectfully refers the Court to SB 826 for a full and accurate statement of its contents, and otherwise the allegations of this paragraph are denied.

14.     To the extent that Paragraph 14 references the Secretary's discretion to adopt implementing regulations and impose fines under the provision of SB 826 that adds Section 301.3(e)(1) to the Corporations Code, the Secretary respectfully refers the Court to SB 826 for a

3

1  full and accurate statement of its contents, and otherwise the allegations of this paragraph are

2  denied.

3      15.    Paragraph 15 consists of Plaintiff's characterization of SB 826, in particular the

4  provision adding Section 301.3(e) to the Corporations Code, and of legal conclusions, to which

5  no response is required. To the extent a response is deemed required, the Secretary denies that a

6  violation "results" in a fine, as the penalties are not mandatory and she has not issued

7  implementing enforcement regulations or any fines, and she respectfully refers the Court to SB

8  826 for a full and accurate statement of its contents, and otherwise the allegations of this

9  paragraph are denied.

10     16.    Paragraph 16 consists of Plaintiff's characterization of SB 826, in particular the

11 provision adding Section 301.3(e) to the Corporations Code, and of legal conclusions, to which

12 no response is required. To the extent a response is deemed required, the Secretary denies that a

13 corporation's failure to report or to timely report information "will result" in a fine, as the

14 penalties are not mandatory and she has not issued implementing enforcement regulations or any

15 fines, and she respectfully refers the Court to SB 826 for a full and accurate statement of its

16 contents, and otherwise the allegations of this paragraph are denied.

17 **OSI Systems**

18     The subheading that separates Paragraphs 16 and 17 of the Complaint does not constitute a

19 material allegation that requires a response.

20     17.    The Secretary admits that OSI's most recent 10-k filing with the Securities and

21 Exchange Commission indicates that OSI's principal executive office is located in Hawthorne,

22 California, and denies all other allegations for lack of sufficient information or belief.

23     18.    The Secretary admits that a corporation with the name OSI Systems, Inc. was

24 incorporated in California prior to March 5, 2010, on which date such corporation filed merger

25 documents with the Secretary of State effectuating the merger of such corporation with and into a

26 Delaware corporation with the same name OSI Systems, Inc., and denies all other allegations in

27 Paragraph 18 of the Complaint.

28

1    19.    The Secretary admits that publicly available information published at

2    https://www.nasdaq.com/market-activity/stocks/osis indicates that OSI is traded under the symbol

3    "OSIS", and denies all other allegations in Paragraph 19 of the Complaint for lack of sufficient

4    information or belief.

5    20.    Deny.

6    21.    The Secretary admits that OSI's most recent public filings with the Securities and

7    Exchange Commission and the Secretary of State's Office indicate that OSI's board currently has

8    seven members. The Secretary denies the allegation in Paragraph 21 that OSI is "currently" an

9    all-male board, because OSI's most recent public filings with the Securities and Exchange

10   Commission and the Secretary of State's Office indicate, as of the time of the filing of this

11   answer, that OSI's board has one female director. The Secretary further denies the allegation that

12   OSI is facing fines or will face fines for failure to comply with SB 826 for lack of sufficient

13   information or belief regarding OSI's board of directors, and because, the statute is unenforceable

14   without implementing regulations, and the Secretary has not adopted regulations to enforce the

15   provisions of SB 826.

16   The heading that separates Paragraphs 21 and 22 of the Complaint constitutes a legal

17   conclusion, and as such, it does not require a response. To the extent a response is deemed

18   required, the Secretary denies that Plaintiff has alleged a cognizable injury.

19                                   **PLAINTIFF'S INJURY**

20   22.    Paragraph 22 consists of Plaintiff's characterization of SB 826 and the Legislature's

21   intent in enacting it, to which no response is required. To the extent a response is deemed

22   required, the Secretary denies that SB 826 "compels the election of more females onto corporate

23   boards of directors," and respectfully refers the Court to SB 826 and its related legislative history

24   for a full and accurate statement of its contents, and otherwise the allegations of this paragraph

25   are denied.

26   23.    Deny.

27   24.    Deny.

28   25.    Deny.

26.     The allegations in Paragraph 26 consist of Plaintiff's characterization of SB 826 and the Legislature's intent in enacting it, as well as legal conclusions to which a response is not required. To the extent a response is deemed required, the Secretary respectfully refers the Court to SB 826 and its related legislative history for a full and accurate statement of its contents, and otherwise the allegations of this paragraph are denied.

27.     The Secretary admits that Plaintiff voted in OSI's 2019 and 2020 annual meetings, and denies all other allegations in Paragraph 27 of the Complaint for lack of sufficient information or belief.

28.     The allegations contained in Paragraph 28 of the Complaint constitute legal conclusions that require no response. To the extent a response is deemed required, and otherwise the allegations of this paragraph are denied.

29.     Deny.

30.     The Secretary denies the allegation that OSI "will be fined" because the statute is unenforceable without implementing regulations, and the Secretary has not adopted regulations to enforce the provisions of SB 826.

31.     The allegations in Paragraph 31 constitute legal conclusions to which no respond is required. To the extent a response is deemed required, the Secretary denies the allegations in this paragraph, except to the extent that they identify that Plaintiff has brought the present lawsuit to challenge the constitutionality of SB 826.

32.     Deny.

33.     Deny.

**CLAIM FOR RELIEF**
**Equal Protection Clause of the Fourteenth Amendment**
**and 42 U.S.C. § 1983**

34.     The Secretary incorporates her answers to allegations in Paragraphs 1-33 as if set forth fully herein.

35.     Paragraph 35 consists of Plaintiff's partial quotation and characterization of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, to which no

6

response is required. To the extent a response is deemed required, the Secretary respectfully

refers to the Court to the same provision for a complete and accurate statement of its contents,

and otherwise the allegations of this paragraph are denied.

36.     Deny.

37.     Deny.

38.     Deny.

39.     Deny.

40.     Deny.

41.     Deny.

## PRAYER FOR RELIEF

The remainder of the complaint after Paragraph 41 consists of a demand for relief, not

allegations of fact to which a response is required. To the extent a response is deemed required,

the Secretary denies that Plaintiff is entitled to the relief requested, or any relief whatsoever.

## AFFIRMATIVE DEFENSES

In addition, without admitting any allegations contained in the Complaint, the Secretary

asserts the following separate and affirmative defenses based on information and belief:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim in this action is barred because he lacks standing to pursue the claim for

relief.

## SECOND AFFIRMATIVE DEFENSE

The Complaint, and the claims for relief alleged therein, fail to state facts sufficient to

constitute a cause of action for a facial challenge to SB 826 under the Equal Protection Clause of

the Fourteenth Amendment.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint and his sole claim are barred because this action is premature and is

not ripe, and no actual controversy exits.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint and his sole claim are barred because he lacks prudential standing as a matter of federal law.

**FIFTH AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SIXTH AFFIRMATIVE DEFENSE**

If any portion of SB 826 is declared to be in violation of the Equal Protection Clause of the Fourteenth Amendment, the unenforceable portion should be severed to give meaning and effect to the enforceable provisions of the statute.

**SEVENTH AFFIRMATIVE DEFENSE**

The Secretary has not knowingly or intentionally waived any applicable defense or affirmative defense.  The Secretary reserves the right to assert and rely upon other such defenses as may become available or apparent during discovery proceedings or as may be raised or asserted by others in this case, and to amend the Answer, defenses, and/or defenses accordingly. The Secretary further reserves the right to amend the Answer to delete defenses and/or affirmative defenses as they determine are not applicable after subsequent discovery.

**DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, the Secretary prays that:

1. Plaintiff takes nothing by the Complaint and garners no relief in this case;

2. Judgment be entered in favor of the Secretary; and

3. The Court grant such other and further relief, in favor of the Secretary and adverse to Plaintiff, that the Court deems just and proper.

8

Dated:  January 10, 2022

Respectfully submitted,

ROB BONTA
Attorney General of California
MICHAEL L. NEWMAN
Senior Assistant Attorney General
LAURA L. FAER
VILMA PALMA-SOLANA
Supervising Deputy Attorneys General
MARISOL LEÓN
DELBERT TRAN
Deputy Attorneys General


*/s/ Lisa Cisneros*
LISA CISNEROS
Deputy Attorney General
*Attorneys for Defendant California
Secretary of State*

9