ROB BONTA, State Bar No. 202668
Attorney General of California
MICHAEL L. NEWMAN, State Bar No. 222993
Senior Assistant Attorney General
LAURA L. FAER, State Bar No. 233846
VILMA PALMA-SOLANA, State Bar No. 267992
Supervising Deputy Attorneys General
LISA CISNEROS, State Bar No. 251473
DELBERT TRAN, State Bar No. 323993
SOPHIA A. CARRILLO, State Bar No. 326428
Deputy Attorneys General
 455 Golden Gate Ave., Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 510-3438
 E-mail: Lisa.Cisneros@doj.ca.gov
*Attorneys for Defendant California
Secretary of State Shirley N. Weber*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CREIGHTON MELAND, JR.,<br><br>Plaintiff,<br><br>v.<br><br>SHIRLEY N. WEBER, in her official capacity as Secretary of State of the State of California,<br><br>Defendant. | Case No. 2:19-cv-02288-JAM-AC<br><br>**DEFENDANT SECRETARY OF STATE SHIRLEY N. WEBER'S REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING APPEAL AND STATE COURT TRIALS**<br><br>Date: April 19, 2022<br>Time: 1:30 pm<br>Dept: Courtroom 6, 14th Floor<br>Judge: Honorable John A. Mendez<br>Trial Date: TBD<br>Action Filed: November 13, 2019 |

**INTRODUCTION**

Plaintiff Creighton Meland, Jr. (Meland) has failed to level any credible argument against the Secretary's request for this Court to issue a *Landis* stay until resolution of his pending Ninth Circuit appeal, *Meland v. Weber*, No. 22-15149 (9th Cir. 2022) (*Meland II*). And while Meland contests the Secretary's request to also stay proceedings through the judgment of parallel state court proceedings, his arguments are unpersuasive. The stay would minimize duplicative proceedings in complex litigation, which would cause hardship to the Secretary and impact the Court's "orderly course of justice" and waste resources, and presents at most a minimal risk of harm to Meland. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 268 (1936)). Plaintiff wholly misapprehends the length of the stay requested, which is of defined duration because it is tethered to pending proceedings with imminent end dates. This Court should exercise its "discretionary power" to issue the limited stay. *Lockyer*, 398 F.3d at 1109.

**ARGUMENT**

The *Landis* stay factors—whether the stay will (a) advance the "orderly course of justice," (b) prevent hardship on the part of the requesting party, and (c) cause possible damage to the nonmovant— overall strongly favor granting the Secretary's request. *Id.* at 1110.

**I.   THE STAY REQUEST IS SHORT-TERM AND DETERMINATE.**

The Secretary's stay request is not "indefinite." Opp. at 1, ECF No. 83. The Secretary has requested a stay pending Meland's Ninth Circuit appeal, which is currently proceeding on an expedited basis, and judgments in *Crest I* and *Crest II*. Mot. at 1, 7-9, ECF No. 77-1. Plaintiff claims that the Secretary seeks an indefinite stay "through all appeals." Opp. at 1. Not so. The Secretary has requested a stay only through the "resolution of the *Meland v. Weber*, No. 22-15149 (9th Cir. 2022) appeal pending in the Ninth Circuit and entry of judgment in the two parallel [*Crest*] state cases challenging the exact same laws." Mot. at 1. Here, the bench trial in *Crest I* – the case challenging SB 826 on equal protection grounds – completed on February 16, 2022. The Superior Court will issue its judgment within 90 days of it being submitted for decision. Cal. Const. art. VI, § 19; *see also* Cal. Code Civ Proc. § 577; Cal. R. Ct. 8.100(a). The stay requested

1

would not extend through the period of state appeals post-judgment, if they were filed, and no appeals are pending. In *Crest II* – the case challenging AB 979 on equal protection grounds – the trial previously set to begin on May 2, 2022 has been vacated, as the court has granted the plaintiffs' motion for summary judgment.[1] The Secretary has proposed a limited stay tethered to proceedings with a definitive end date "within a reasonable time." *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066–67 (9th Cir. 2007). A stay through the period of the *Meland* appeal and in which a judgment is rendered in *Crest I* and *II* is not lengthy or indefinite.

## II. MELAND FAILS TO OPPOSE A STAY THROUGH HIS NINTH CIRCUIT APPEAL.

Meland has not provided any specific, credible arguments for why a stay is not appropriate while the Ninth Circuit addresses Meland's own appeal of the denial of his motion for preliminary injunction. Opp. at 5. A stay will streamline the issues and proof that this Court must consider as Meland has made merits-based arguments in his opening brief. *See Meland v. Weber*, No. 22-15149 (Ninth Circuit), Dkt. 17. The Secretary has vigorously disputed those arguments and also challenged Meland's Article III standing. *Id.* at Dkt. 35. The Ninth Circuit's decision is likely to impact this Court's application of intermediate scrutiny and determine Meland's standing to bring this case. The Secretary has demonstrated clear hardship based on the burdens associated with potentially unnecessary, duplicate litigation that requires substantial resources and time on the part of the State at taxpayer expense. *See* Mot. 6-7; *United States v. California*, No. 2:18-cv-00490-JAM-KJN, 2018 WL 5310675, at *1 (E.D. Cal. Oct. 19, 2018) (Mendez, J.) (granting a stay where, "[p]roceeding with discovery amidst uncertainty as to whether this Court's orders will be affirmed imposes a hardship, and "the Court of Appeals will soon clarify the legal landscape"). A stay pending resolution of that appeal poses no risk of harm to Plaintiff, avoids hardship to the Secretary, and advances the orderly course of justice. *Id.*

---

[1] On April 1, 2022, the trial court in *Crest II* granted the plaintiffs' motion for summary judgment and denied the Secretary's motion for summary judgment, directing plaintiffs to submit a proposed form of judgment within 10 days. *See* Cisneros Decl., Ex. 1.

### III. A STAY PENDING JUDGMENT IN *CREST I* WILL ADVANCE THE ORDERLY COURSE OF JUSTICE AND PREVENT WASTED RESOURCES

Plaintiff's response that a stay during the *Crest I* proceeding will not streamline the cases misapprehends this *Landis* factor. Opp. at 5. While the outcome of *Crest I* does not control this Court's adjudication of Plaintiff's federal claims, this does not mean that the issues addressed and decided by the Superior Court, are "plainly irrelevant" to this case. Opp. at 5. A district court may grant a stay even when the outcome in another independent proceeding will not control the case before it. *Leyva*, 593 F.2d at 863-64 (a stay "does not require that the issues in such proceedings are necessarily controlling of the action before the court"). Here, the state case challenging SB 826 includes issues related to the nature of the diversity requirements, the Legislature's justifications for enacting the provisions, the Secretary's enforcement authority, and whether the Secretary's annual reports constitute enforcement activity. Mot. at 8-9. These issues all bear on the same legal principles issues before this Court, and guidance from the state courts could be helpful, even if not controlling, especially in this case of great public significance. *See* Order Denying Mot. for Prelim. Inj., *Meland v. Weber*, No. 2:19-CV-02288-JAM-AC, 2021 WL 6118651, at *1 (E.D. Cal. Dec. 27, 2021) ("[T]his area of equal protection law is unsettled and requires the Court to address an issue of first impression."); *see also Hoffman v. Jelly Belly Candy Co., Inc.*, No. 2:19-CV-01935-JAM-DB, 2020 WL 5239884, at *2 (E.D. Cal. June 26, 2020) (Mendez, J.) (granting *Landis* stay, in part, because Supreme Court cases may resolve a definitional question "in flux" among the circuits). Furthermore, the fact that the parties in *Meland* and *Crest I* are different does not defeat the Secretary's stay request. Opp. at 5-6. *Landis* grants the district court authority to issue a stay even when the parties in the separate proceedings are different. 299 U.S. at 254; *see also Castelan v. Campbell*, No. 2:06-CV-01906(MMM), 2009 WL 1162964, at *1 (E.D. Cal. Apr. 29, 2009).

### IV. PLAINTIFF HAS NOT CREDIBLY DISPUTED THE STATE'S HARDSHIP

Plaintiff claims that the Secretary's litigation efforts fail to show hardship, but he misstates her position. Rather, duplication of complex proceedings is hardship. *See Chron. Pub. Co. v. Nat'l Broad. Co.*, 294 F.2d 744, 747-48 (9th Cir. 1961); *Castelan*, 2009 WL 1162964, at *1

(granting *Landis* stay, in part, because hardship may occur if related proceedings "affect[] the legal standard applicable," which "may result in duplicate hearings" in the underlying case) (McKeown, J., sitting by designation). Meland has not refuted that these proceedings are duplicative. They challenge the same laws, involve the same facts and the same legal theory of a violation of equal protection.

Further, Meland fails to acknowledge the full scope of work that remains to litigate this case. He wrongly suggests that all that remains is for the Secretary to supplement her earlier productions with additional evidence, if needed. This is not persuasive because Meland has not waived his right to expert and other discovery, and the Secretary has not completed the discovery that she wishes to take, including deposing Meland or his experts, if needed. Meland asks the Court to hold a Rule 16 conference and order the parties to adopt a discovery plan, Opp. at 7, contradicting his representation that discovery is nearly complete. The Secretary has set forth detailed and specific burdens associated with ongoing litigation. *See* Mot. at 6-7. Meland is silent as to the burdens associated with motion practice, including summary judgment, and trial. This court has granted a stay, even when requested by well-resourced litigants. *See, e.g.*, *United* States, 2018 WL 5310675, at *1 (granting stay for the U.S.). The Secretary has demonstrated a "clear case of hardship." *CMAX, Inc. v. Hall*, 300 F.2d at 265, 268 (9th Cir. 1962).

## V.  THE PROPOSED STAY PRESENTS MINIMAL RISK OF HARM

Meland contends that a stay would harm him based on: (1) his incorrect assertion that the Secretary seeks an indefinite stay, (2) certain ideological considerations, and (3) the effects that an allegedly unconstitutional law have on him as a shareholder.

As discussed *supra* at I., the Secretary seeks only a limited term duration stay tethered to pending court proceedings. This argument fails. Next, Meland argues that the stay would harm his ability to pursue his ideological and strategic goals and force him to have his rights adjudicated by different parties with different interests. Mot. at 2. But Meland and the parties in *Crest I* rely upon the same fundamental principles of equal protection law, advance many of the same arguments and theories (claiming rigid quota and lack of sufficient justification), and cite many of the same cases, *e.g.*, *Regents of Univ. of Cal. v. Bakke*, 438 U.S. 265 (1978), and seek the same

relief. Moreover, federal courts are not a forum open for disputes driven merely by ideological disagreements. *See* U.S. Const., art. III. And in *Landis*, the Supreme Court rejected a similar argument. 299 U.S. at 254. By holding that proceedings could be stayed even when the parties and the issues are different, *Landis* necessarily contemplates circumstances in which parties would have different motivations and interests in bringing their cases. *Id.*

Plaintiff also cites *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991), but this involves a first-to-file rule that the Secretary has not invoked as a basis for the stay. The Secretary has moved to stay all three federal cases. She requests a stay—not because the state cases were filed first—but because it would serve the interests expressed in *Landis*.

Finally, Meland argues that he would be harmed by the stay because he would continue to be subjected to SB 826's purportedly unconstitutional attempts to coerce him. Mot. at 3. This Court has already held that Plaintiff is not likely to succeed in showing a constitutional violation. Order at 21, ECF No. 67. The timing and scope of the stay also reduce the likelihood that Plaintiff would face any risk of harm. Given the schedule in *Crest I*, it is likely that the stay would terminate before Meland is in a position to vote in the next director election, which have been held in December. ECF No. 32-12 (2019 and 2020 Proxy Statements). Meland's purported harm is unpersuasive, and does not outweigh the Secretary's hardship, and the benefits of streamlining the case. *CMAX, Inc.*, 300 F.2d at 269 (declining to reverse the district court stay order when the opposing party did not make an "impressive showing of irreparable damage or injustice").

## CONCLUSION

For the foregoing reasons, the Secretary's request for a stay should be granted.

Dated: April 4, 2022

Respectfully submitted,

ROB BONTA
Attorney General of California
MICHAEL L. NEWMAN
Senior Assistant Attorney General
LAURA L. FAER
VILMA PALMA-SOLANA
Supervising Deputy Attorneys General


*/s/ Lisa Cisneros*
LISA CISNEROS
Deputy Attorney General
*Attorneys for Defendant California Secretary of State*